Nicholas Schaeffer, Respondent, *v.* Abraham Siegel
ET AL., Stockholders, Appellants.

November 4, 1879.

An agreement that a case shall abide the decision of another case will not
  authorize the rendition of a judgment against the party against whom the
  decision is claimed to be, without notice to him.

.Appeal from St. Louis Circuit Court.

*Reversed and remanded.*

James Taussig, for appellant : Proceedings in a court of
justice can be had only upon notice to the adverse party. —
*Murray* v. *Tardy*, 19 Ala. 710 ; *Heeney* v. *Lyon*, 21 Iowa,
71 ; *Daniels* v. *Winslow*, 2 Minn. 113 ; *Baylor* v. *McGregor*,
1 Stew. & P. 158 ; *Beene* v. *The State*, 22 Ark. 157 ; *Ex
parte Heuy*, 7 How. (Miss.) 127 ; *Brown* v. *Wheeler*, 3
Ala. 287. No judgment or order is valid unless all the par-
ties to the suit have had an opportunity to be heard. —
*Hennen* v. *Railroad Co.*, 20 La. An. 544 ; *Browning* v.
*Paige*, 7 How. Pr. 489 ; *Pratt* v. *Donovan*, 10 Wis. 378.

Henry N. Hart, for respondent.

Hayden, J., delivered the opinion of the court.

This is a motion for execution against stockholders under
the statute. Execution had been issued under judgment
against the Phœnix Brewery Company and returned unsat-
isfied, in great part. In January, 1878, there was a case
pending in this court of *Schaeffer* v. *Wengler*, which was a
motion, based upon the same judgment, against Wengler
for execution for an amount unpaid upon his stock in the
Phœnix Brewery Company. On the fourth day of January,
1878, the following agreement between the respective counsel
for the plaintiff and the present appellants was filed in the
court below : " It is hereby agreed by and between the
plaintiff and defendants that the above case is to abide by
the final decision of the case of *Nicholas Schaeffer* v. *F.*

*Wengler* now pending in the Court of Appeals.'' Upon this, the court below ordered that the case be continued, and be not reset for trial until the further order of the court. The judgment of the Circuit Court in the case of *Schaeffer* v. *Wengler* was affirmed in this court; and afterwards, upon motion of the plaintiff in the present case, and as appears by entry of judgment, upon the stipulation of the parties by their attorneys which has been quoted, the Circuit Court, being satisfied, as the entry recites, that final judgment had been rendered in the case against Wengler, gave judgment in the present case.

It is now complained that this cause was not, after the above agreement between counsel had been made and filed, and had formed the basis of the first· order of court, reset for trial or entered upon the trial or motion docket, which by the rules, here given in the record, are directed to be kept; that the plaintiff, in the absence of the present appellants and without notice to them, submitted to the court below the agreement, and the decision of this court; and that the court thereupon, without the knowledge of, or notice to, the appellants, heard evidence, and found $900 remained unpaid on the stock, and ordered execution.

The appellants do not complain that there was any error in the amount found, nor is there any affidavit or other evidence to that effect, but insist that the case should have been docketed, or that notice should, in some form, have been given to them. In this we think they are correct. They were indeed in court, and they cannot now escape the effect of their stipulation. But the question is as to the legal effect of this stipulation. An agreement that a case shall abide by the decision of another case does not entitle the party in whose favor the other decision is claimed to be, to a judgment without notice to his opponent. There is nothing in the words themselves which imports a waiver of any final hearing; and the opportunity to be heard is a right of that nature which exists in every case, unless the waiver

of it is expressed in unmistakable terms. Thus, matters may have occurred after the agreement was made, which, in spite of the stipulation, would have constituted a good defence to the claim. It cannot be assumed, in the absence of notice, that the appellants had nothing to urge, or even that the agreement itself continued to express the minds of the parties. It is only on the basis of notice given, and nothing urged to the contrary, that even the stipulation can be presumed to remain unchanged. Such presumptions imply notice. Here the order was that the " cause be continued, and that it be not reset until further order of this court;" and upon this order, following the stipulation, the appellants might well presume that the case would be put, as it should have been, upon one of the dockets of the court.

The appellants, having had no notice, were not bound to show that they have a good defence. The foundation of the plaintiff's order for execution is notice to the other side, and opportunity to be present at the hearing, and this foundation fails.

The judgment is reversed and the cause remanded. All the judges concur.