## ST. LOUIS, MEMPHIS & SOUTHEASTERN RAILROAD COMPANY, Appellant, v. MOLDENHAUER et al., Respondents.

**St. Louis Court of Appeals, March 31, 1908.**

1. EMINENT DOMAIN: Condemning Right of Way: Exceptions to Report of Commissioners. Where, in a condemnation proceeding by a railroad company for a right of way, commissioners awarded damages to the owner of the land through which the right of way ran, the railroad company could file exceptions to the report of the commissioners and after paying the amount awarded by the commissioners into court, could take possession of the land and still have the amount of damages determined by a jury in the circuit court without violating the provisions of the Constitution of Missouri, art. 2, section 21.

2. ————: ————: ————. And in such case, where the amount awarded by the jury on a trial in the circuit court was less than the amount awarded by the commissioners, it was proper for the trial court to sustain a motion, filed by the railroad company, for judgment against the landowner for the excess.

Appeal from Perry Circuit Court.—*Hon. James D. Fox*, Judge.

REVERSED AND REMANDED (*with directions*).

*L. F. Parker, W. F. Evans* and *Moses Whybark* for appellant.

(1) The plaintiff was entitled to a judgment against the respondent for $600, the difference between the amount awarded him by the commissioners and the amount awarded him by the jury, as prayed for in its motion, and the court erred in overruling the motion. The commissioners awarded him $3,100. This amount he accepted from the clerk on December 22, 1902. The jury awarded him $2,500, being $600 less, which the court permitted him to retain without making any order whatever relating to it. This was error. The plaintiff was entitled to a judgment for $600, the difference. R. S. 1899, sec. 1268; State ex rel. v. Klein, 140 Mo. 512; Railroad v. Clark, 119 Mo. 373; Railway v. Roberts, 187 Mo. 319; Railroad v. Fowler, 113 Mo. 474; Douglas v. Traction Co. (Ind. App.), 76 N. E. 892. (2) A condemnation proceeding is judicial and not ministerial. Union Depot Co. v. Frederick, 117 Mo. 138.

*James T. Greenwell* for respondent.

The plaintiff was not entitled to a judgment against the respondent for $600, the difference between the amount awarded him by the commissioners and the amount awarded by the jury, as prayed for in its motion, and the court did not err in overruling the motion. It is true the commissioners awarded him $3,100. It is true that he accepted this amount from the clerk on December 22, 1902. It is true the jury awarded him $2,500, being $600 less, which the court permitted him to retain without making any order whatever relating to it. But it is also true that appellant had paid the $3,100 into the hands of the clerk, unconditionally for the respondent. It is also true that respondent filed no exceptions to the report

of commissioners. It is also true that appellant took possession of the lands of respondent for its own exclusive use, after making this unconditional payment. After these transactions took place the right of way over respondent's lands became vested in appellant, and the $3,100, became vested in respondent, and was the final end of the controversy. The appellant having paid the damages awarded by the commissioners and taken possession of respondent's land in pursuance of such payment, was not entitled to further litigate the question of respondent's just compensation, and was not, therefore, entitled to a judgment against respondent for the $600, and the court did not commit error in refusing to grant the same. Constitution of Missouri, art. II, sec. 21; State v. Lubke, 15 Mo. App. 152; Steinhart v. Superior Court, 59 L. R. A. 404, and note; 1 Cyclopedia of Law and Procedure, p. 776; Watson v. Railroad, 2 Pitts. 99.

GOODE, J.—This proceeding was instituted to condemn lands for the right of way of the plaintiff company. A commission of freeholders was appointed, which assessed the damages of defendant Moldenhauer at $3,100. The report of the commissioners was filed with the clerk of the circuit court of the county where the lands are, and the amount assessed in favor of Moldenhauer was paid by the company to the clerk for him and Moldenhauer took the money. In due time the company filed exceptions to the award of the commissioners, and these were tried in the circuit court before a jury and Moldenhauer's damages assessed at $2,500, or $600 less than the assessment of the commissioners. Thereupon the court rendered judgment in favor of Moldenhauer for $2,500, but because he had received the original award of $3,100 and plaintiff had taken possession of the land, ordered that execution be perpetually stayed for said sum of $2,500, but gave

judgment in favor of Moldenhauer for his costs. Both parties appear to have acquiesced in the verdict, but immediately on the rendition of the judgment, the railroad company filed a motion for judgment against Moldenhauer for the sum of $600, the difference between the amount assessed by the commissioners, which had been paid, and the amount found by the jury. This motion was overruled; the court considering and adjudging that plaintiff take nothing by the same. After an appropriate motion for rehearing, the present appeal was prosecuted from the judgment on the motion.

The position taken by defendant's counsel in his brief is that when the railroad company entered on and appropriated the ground for right of way, and Moldenhauer accepted the damages assessed by the commissioners, the proceedings were at an end and the railroad company had no right to be heard further. Section 1268 of the statutes (R. S. 1899) says exceptions to the report of commissioners may be filed, that the company may proceed to construct its railroad and any subsequent proceedings will affect only the amount of compensation to be allowed the land owner. It is contended said statute violates the constitutional command that until the compensation to the land owner is paid into court for him by the condemning company, the property shall not be disturbed nor his proprietary rights divested. [Mo. Const., art. 2, sec. 21.] The argument is that this constitutional clause, when applied to the facts of the present case, precluded further inquiry into the amount of damages sustained by defendant after the company had paid the money into court for him and taken possession of the land. The Supreme Court has decided to the contrary in many careful opinions, of which we cite these: Rotham v. Railroad, 113 Mo. 132, 138, 20 S. W. 892; Railroad v. Fowler, 113 Mo. 458, 20 S. W. 1069; Id. v. Clark, 119 Mo. 357, 373, 24 S. W. 157; State ex rel. v. Klein,

140 Mo. 502, 41 S. W. 895; Railroad v. Knapp-Stout Co., 160 Mo. 396, 416, 61 S. W. 300; Railroad v. Roberts, 187 Mo. 319, 86 S. W. 911; Railroad v. Aubuchon, 199 Mo. 352, 359, 97 S. W. 867. Perhaps the case of Railroad v. Clark, 119 Mo. 357, 24 S. W. 157, is as directly in point as any of the others. Without quoting from the opinion we will state what was decided. The damages assessed by the commissioners must be paid into court for the landowner before the railway company can enter on the land, and the owner is entitled to take the money, though exceptions are filed to the report of the commissioners and these may lead to an increase or diminution of the original award. But throughout all subsequent proceedings the amount assessed by the commissioners is taken as just compensation, prima facie, and is conclusive on both parties until a judicial determination. When the compensation is finally determined, the court has the undoubted power to adjudge the rights of the parties under the entire proceedings, and if the landowner has been paid more than the amount of the final judgment, he can be adjudged to refund. The latter proposition, which was expressly declared by the Supreme Court, covers the very point at issue in the present case. In State ex rel. v. Klein commissioners had awarded damages in a large sum, and the railroad company had paid the amount to the clerk for the owner of the land, who had taken the money. On a hearing of the railway company's exceptions, a jury assessed the damages at about one-half the award of the commissioners and the company filed a motion asking judgment for the excess paid to the proprietor. The motion was sustained by the lower court and this ruling was tacitly approved by the Supreme Court. But the lower court ordered the excess should not bear interest, nor should execution issue for it until a further order in the premises. The Supreme Court held an entry in that form was not a final

judgment and the railroad company was entitled to a final judgment in order that it might appeal from adverse rulings; among others, on the question of its right to interest on the excess of money received by the proprietor. The appeal in hand was taken to the Supreme Court, but, by agreement of the parties, was transferred to this court. In the brief for defendant, which was prepared in expectation of a hearing in the Supreme Court, counsel reviews the various decisions of that tribunal against the point contended for by defendant and asks the court to examine the question anew. The brief consists of an elaborate argument to show the decisions of the Supreme Court are not a proper construction of the Constitution of the State and ought to be overruled. As this was the position taken, it was unwise to agree to transfer the case to this court, which is bound to follow the rulings of the Supreme Court. Moreover, the latter court, in a very recent decision, refused to reconsider its decisions on the proposition under discussion, saying the question is settled in this State, whatever the rule may be elsewhere. [Railroad v. Aubuchon, 199 Mo. loc. cit. 457.] In view of the foregoing authorities we feel constrained to reverse the judgment and remand the cause, with a direction to the court to set aside its order overruling plaintiff's motion and embrace in its judgment the relief demanded in the motion. All concur.