F. P. McCORMICK, Appellant, v. SARAH A. STEPH-
ENS et al., Respondents.

Kansas City Court of Appeals, January 24, 1910.

1. PRACTICE: Judgment on Stipulation: Notice.  Where a case
was tried and submitted to the court and by him taken under
advisement and it was announced that the decision would be
withheld until the decision in another case, the court could ren-
der judgment against one of the parties without notice to him.

2. ————: Premature Judgment.  Where the court announced
that it would withhold its decision until another case on appeal
was decided, it was not bound to wait until the formal mandate
came down and a judgment rendered on the same day that a
motion for rehearing was overruled in the court of appeals, was
not premature although a motion to transfer to the Supreme
Court was filed on the next day in the case in the court of ap-
peals and the latter motion was not disposed of until after the
appeal was taken in this case.

Appeal from Jackson County Circuit Court.—*Hon. H.
L. McCune,* Judge.

AFFIRMED.

*R. E. Ball* and *Harry B. Walker* for appellant.

(1)  Jurisdiction of the appeals is in the Supreme
Court and the causes should be transferred to that
court.  In re Opening Essex Ave., 44 Mo. App. 288;
State ex rel. v. St. Louis Court of Appeals, 97 Mo. 276;
Mining Co. v. Joplin, 48 Mo. App. 601; State ex rel. v.
Smith, 177 Mo. 69. (2) The proceedings were irregular
and were not due process of law. Schaeffer v. Siegel, 7
Mo. App. 542; Scott v. McNeil, 154 U. S. 45; Caldwell v.
Texas, 137 U. S. 697; Castle v. Parsons, 117 Fed. 843;
Suddarth v. Empire Lime Co., 79 Mo. App. 585; Cross
v. Gould, 131 Mo. App. 585.

*Allen & Allen* and *Jas. E. Trogdon* for respondents.

(1)   All the evidence was offered on behalf of appellant and respondents in each of said causes and both appellant and respondents rested their case and submitted briefs to the trial court and the trial court took each case under advisement and afterwards rendered judgment in each of the said causes.   Reference Vol. No. 17, 2nd series, Encyclopedia of Law, page 823, section 4, Cyc., Vol. 29, page 1116, section 3, paragraph B.    (2)   This court has jurisdiction in each of the two cases at bar.   Paving Co. v. O'Brien, 128 Mo. App. 285;  Woody v. Railroad, 173 Mo. 547;  Davis v. Thompson, 209 Mo. 197; State ex rel. v. Smith, 176 Mo. 47.    (3)   There is no constitutional question involved in either of said causes.   Davis v. Thompson, 209 Mo. 197;  Hulett v. Railroad, 145 Mo. 35.;  Independence to use v. Knoeper, 205 Mo. 343; Lohmeyer v. Cordage Co., 214 Mo. 690.    (4)   There was no irregularity in the trial of either of said causes.   All of the proceedings were regularly had.   Paving Co. v. O'Brien, 128 Mo. App. 285;  Woody v. Railroad, 173 Mo. 550;  Orvis v. Elliott, 65 Mo. App. 100; Cross v. Gould, 131 Mo. App. 595; Wright v. Fetters, 121 Mo. App. 591;  Reed Bros. v. Nicholson, 93 Mo. App. 35.

JOHNSON, J.—This action is to enforce the lien of certain special taxbills.   A trial to the court without the aid of a jury resulted in a judgment for defendants, and the cause is here on the appeal of plaintiff.   The taxbills were of the same issue as those involved in the case of McCormick v. Moore, 134 Mo. App. 669, and since the issues made by the pleadings and evidence are the same in the two cases, our opinion in the Moore case settles every question now before us except one of practice.

It is contended by plaintiff that the judgment was prematurely rendered and should be set aside as irregular.   Facts pertinent to this contention are as fol-

lows: The record shows the case was tried and submitted to the court January 17, 1907, and was taken under advisement and that on December 7, 1908, the following judgment was entered of record: "Now on this day come parties by their respective attorneys, and this cause heretofore having been tried and previously by the court taken under advisement, and the court now being fully advised in the premises, and by agreement of parties the jury having been previously waived in this cause and on argument of counsel, the court finds the issues in favor of the defendants. It is therefore, considered, ordered and adjudged," etc.

Afterward, on December 10, 1908, plaintiff filed his motion for a new trial which was overruled, and on January 5th, he filed a motion (also overruled) "to set aside the judgment for irregularity." The alleged irregularity consists of the fact that the trial court rendered judgment without notice to plaintiff or his counsel and before the mandate was issued by this court in McCormick v. Moore. It is contended by plaintiff that when the court took the case under advisement, the announcement was made that it would not be decided until after the final decision in McCormick v. Moore, and in support of this contention, counsel point to a colloquy between the court and counsel at the conclusion of the trial and to the minutes of the judge's docket. The colloquy was as follows: "The, Court: Now, in this case my decision is to be withheld until—Counsel for defendants: The case of McCormick v. Moore, No. 25221, which is now on appeal." The minutes referred to were as follows: "Jury waived. Case tried. Decision to await the determination of McCormick v. Moore, No. 25221 in Court of Appeals."

The judgment in McCormick v. Moore was affirmed June 29, 1908. The motion for rehearing filed by plaintiff went over the summer vacation and was not passed on until December 7, 1908, at which time it was over-

ruled. On the same day, counsel for defendants appeared before the circuit court and that court, without notice to plaintiff, entered the present judgment. The next day, a motion to certify to the Supreme Court was filed in the Court of Appeals in McCormick v. Moore, and that motion was still pending when the appeal was taken in this case. Afterward, the motion to certify was overruled and a mandate was issued.

Plaintiff invokes the rule applied by the St. Louis Court of Appeals in Schaeffer v. Siegel, 7 Mo. App. 542, that "an agreement that a case shall abide by the decision of another case does not entitle the party in whose favor the decision is claimed to be, to a judgment without notice to his opponent." *Arguendo,* we concede the soundness of this rule, but say it has no application to cases such as the present where the parties have tried and submitted the cause and the court has taken it under advisement. In such cases, the court may render judgment without notice to the parties since constructively they are present in court. "A party properly brought into court is chargeable with notice of all subsequent steps taken in the cause down to and including the judgment, although he does not, in fact, appear and has no actual notice thereof." [29 Cyc. 1116.] The announcement that judgment would be withheld until the decision of the Moore case did not impose any additional duty on the court nor give plaintiff a right to be notified.

We do not agree with plaintiff that the court rendered judgment in advance of the time stated in the announcement. It is manifest both parties understood the court to announce that it would hold the submitted case under advisement until it knew the views entertained by the higher tribunal respecting the companion case. The court waited until the motion for a rehearing was overruled and that was as long as he stated he would wait. It was not contemplated he should wait until notified of the decision in the Moore

case by formal mandate. We think effect should be given the manifest intention of the parties and that no violence was done such intention by the action of the court in giving judgment. Plaintiff has had his day in court. There is no constitutional question in this case. [Paving Co. v. O'Brien, 128 Mo. App. 285.]

The judgment is affirmed. All concur.