STATE OF MISSOURI EX REL. STATE HIGHWAY COMMISSION OF MISSOURI, RESPONDENT, v. C. P. BROWN, ET AL., DEFENDANTS, CARLISLE INVESTMENT COMPANY, ET AL., APPELLANTS.—95 S. W. (2d) 661.

Kansas City Court of Appeals. May 25, 1936.

Rehearing denied. June 15, 1936.

*Louis V. Stigall, Wilkie B. Cunnyngham, John B. Pew* and *Rufus Burrus* for respondents.

*Meredith & Harwood* and *John F. Thice* for appellant.

REYNOLDS, C.—This is a proceeding by the State Highway Commission, filed in the Circuit Court of Jackson County at Independence, for the condemnation and appropriation of a certain tract or tracts of land owned by the defendant Carlisle Investment Company, a corporation, for road purposes, which tract or tracts were encumbered by a deed of trust securing the payment of a note executed to the defendant Safety Savings and Loan Association by the defendant Carlisle Investment Company, in which deed of trust the defendant Landry Harwood was named trustee.

Upon the filing of the petition in condemnation, the defendants Carlisle Investment Company and Safety Savings and Loan Association, together with other defendants named in said petition, were duly notified by summons of the filing of the same and were required to answer the same before the judge of said court on September 28, 1931. On said date, commissioners were duly appointed to assess the damages to the defendants named as the owners thereof by reason of the appropriation of the land sought to be condemned, who assessed such damages at the sum of $2250 and made due report of their proceedings and of such assessment. In said report, the defendant Carlisle Investment Company was named as the owner of the land condemned; and the defendants Safety Savings and Loan Association and Landry Harwood, trustee, also Charles D. Carlisle and Walter J. Mayer were named as parties claiming some interest therein.

Upon the filing of the commissioners' report in the clerk's office of said court, the defendants were each duly notified of such filing. The defendant Carlisle Investment Company thereupon filed exceptions to said report, as likewise did the plaintiff Highway Commission, which were afterwards tried by a jury.

The damages assessed by the commissioners in said sum of $2250 were paid by the plaintiff State Highway Commission, into court; and thereafter, the defendants Carlisle Investment Company, Safety Savings and Loan Association, and Landry Harwood, trustee, joined in a motion for an order of the court permitting the withdrawal by them of such damages and directing the payment of the same to them by the clerk. The order was made, and the clerk of the court accordingly paid the same to all of said defendants jointly, and the defendant Safety Savings and Loan Association duly released the lands condemned from the operation of its deed of trust.

It does not appear that the defendants Safety Savings and Loan Association and Landry Harwood, or either of them, made or filed any exceptions to the report of the commissioners or that they personally appeared before the judge of the court on the return day of the summons which had been served upon them, to-wit on September 28, 1931, on the appointment of such commissioners. Just what division of the damages withdrawn by the defendants was made between them or what part thereof was separately retained by each does not appear in the record.

Afterward, upon the trial before a jury of the exceptions to the commissioners' report, a verdict was returned, finding the issues for the State Highway Commission and finding that the defendant Carlisle Investment Company had sustained no damages. It failed to assess any damages in favor of the defendant Safety Savings and Loan Association. It does not appear whether the cause was tried upon the exceptions filed by the State Highway Commission or upon the exceptions by the defendant Carlisle Investment Company or both. It does not appear that either of the defendant Safety Savings and Loan Association or Landry Harwood, trustee, personally appeared and took any part in the trial of such exceptions before the jury. Upon the return of such verdict, the court, without any further or special notice to the defendants, entered its final judgment in favor of the plaintiff, State Highway Commission, that it recover from the defendants Carlisle Investment Company, Landry Harwood, trustee, and Safety Savings and Loan Association the sum of $2250 (the damages paid into court by the plaintiff upon the filing of the commissioners' report and afterward withdrawn by defendants) together with the costs. .

The defendant Carlisle Investment Company within due time filed a motion for new trial. The defendant Safety Savings and Loan Association, purporting to appear for that purpose alone, filed, during the term, its motion to set aside and vacate the judgment for the reasons (1) that the court erred in entering a judgment *in personam* against it on constructive service when it had never appeared personally or by attorney before the commissioners or in the circuit court upon the trial, (2) that entry of such judgment *in personam* against it was not done in due process of law but was in violation of Section 30, Article 2 of the Constitution of Missouri and of Section 1 of the Fourteenth Amendment to the Constitution of the United States, (3) that the evidence was insufficient to warrant the judgment *in personam* against it, (4) that the defendant had never filed any exceptions to the report of the commissioners and had accepted such report as final; and for the further reason that the order of the court directing the payment of the damages assessed by the commissioners to it and defendant Carlisle Investment Company

was final as to the amount of such damages and the payment thereof and was a final adjustment of such questions. It does not appear that either the motion for new trial upon the part of the Carlisle Investment Company or the motion of the defendant Safety Savings and Loan Association to vacate the judgment was determined at the term of court at which the trial was had and the judgment rendered; but it does appear that both were under general orders continued to the March term, 1934, of the court, at which term both were disposed of adversely to the defendants.

This is a joint appeal by the defendants Carlisle Investment Company (hereinafter called the defendant investment company), Charles D. Carlisle, and Safety Savings and Loan Association (hereinafter called the defendant loan association) from the judgment entered against them and from the order of the court overruling the motion for a new trial and the motion in arrest of judgment. However, the record does not show that any motion in arrest of judgment was ever filed by any of the defendants or any action had upon such a motion by the court.

## Opinion.

1. The defendants make numerous assignments of error and points in their brief to the effect that the judgment of the trial court for the restitution by the defendants loan association and Landry Harwood, trustee, of the damages assessed by the commissioners' report and paid into court by the plaintiff and withdrawn by such defendants jointly with the defendant investment company was not due process of law and was in violation of Section 30 of Article 2 of the Constitution of the State of Missouri and the violation of Section 1 of the Fourteenth Amendment to the Constitution of the United States.

So far as the appellate jurisdiction of this court is concerned, it has none where a question involving the construction of a constitutional provision is properly lodged in the record and properly preserved for appellate review. In such case, appellate jurisdiction is in the Supreme Court. In order to deprive this court of jurisdiction, it must appear that such question was properly raised in the trial court at the first opportunity therefor and that it has been properly preserved for appellate review. It is not sufficient that such questions be raised for the first time in the brief upon appeal. [Miller v. Connor, 250 Mo. 677, 157 S. W. 81.]

Such assignment and points made upon the appeal in this court, so far as they invite the construction of such constitutional provisions as matters involved in the determination of any issue herein, appear to be based upon questions first raised in the motion of the defendant loan association in the trial court to vacate and set aside the judgment complained of against it, wherein it challenges such judgment

as having been rendered without due process of law and in violation of the constitutional provisions mentioned in certain particulars set out.

2. Among the first matters, therefore, for determination is the status of such constitutional questions, so far as they depend for lodgment in this case upon the motion filed by the defendant loan association in the trial court to vacate and set aside such judgment, and is whether, by and through such motion, such constitutional questions have been timely raised and properly preserved for review upon appeal.

It will be noticed that such motion, while filed during the term in which the judgment was entered, was not filed until December 2, 1933, which was more than four days after the date upon which the judgment was rendered. The judgment appears to have been rendered November 17, 1933.

The motion, to be serviceable as a motion for a new trial or as a motion in arrest of judgment, was required to be filed within four days after the rendition of the judgment; otherwise, it operated only as a suggestion to the court that the judgment be set aside by the court and a new trial granted, upon its own motion, which, if not acted upon by the court at the term at which it was filed, died with the expiration of such term. [Marsala v. Marsala, 288 Mo. 501, 232 S. W. 1048; State ex rel. Conant v. Trimble, 311 Mo. 128, 277 S. W. 916.]

The record shows that the motion was not acted upon at the term at which it was filed or at which the judgment was rendered but was acted upon at the subsequent term, to which it was purported to be continued. The court was not authorized to take any action thereon at such subsequent term. [Gray v. Missouri Lumber & Mining Co. (Mo.), 177 S. W. 595; Matthews v. Stephenson, 172 Mo. App. 220, 157 S. W. 887.]

That the judgment of the court was carried over from the term at which it was rendered to the subsequent term by the motion for a new trial of defendants investment company and Charles D. Carlisle and that such motion for new trial was kept alive for action thereon by the court at such subsequent term do not operate so as to vitalize and keep alive the motion of the defendant loan association to vacate such judgment, for action by the court thereon at the subsequent term. The motion for new trial, being timely filed, had a legal status and, by force of law, carried from one term to another until finally disposed of. The motion to vacate the judgment, being untimely filed, to operate as a motion for a new trial or in arrest had no legal status and no effect upon the judgment and no legal force within itself to survive the term at which it was filed. [State ex rel. Conant v. Trimble, supra.]

The motion, not having been acted upon by the court at the term in which it was filed, died with the lapse of the term. The constitutional questions raised therein are not therefore before us for construction. Neither is such motion before us for consideration, nor any action of the court thereon before us for review. The constitutional questions sought to be raised by such motion, upon which defendants' assignments of error and points and authorities are based, have not been properly raised or preserved for review by an appellate court and are out of the case and, with them, all of the assignments of error made with respect to such questions, including the points made and the authorities cited in connection therewith in defendants' brief.

Aside from the matter of the lack of due process complained of in the motion, the only matters complained of were with respect to alleged errors upon the trial and to the insufficiency of the evidence to support the verdict and judgment, all of which were matters to be called to the attention of the court in a motion for a new trial, timely filed and preserved in the bill of exceptions.

Moreover, the questions raised in such motion by which it was sought to lodge in the record the constitutional questions mentioned, may not be said to have been timely raised by defendant through the filing of the same. That is to say that such questions sought to be raised therein could and should have been raised upon the trial of the cause but were not. [Miller v. Connor, supra.] The motion, if it had been filed within the time required to serve as a motion for a new trial or as a motion in arrest of judgment, was not the first opportunity defendants had for raising such questions. The record shows that the defendants loan association and Landry Harwood, trustee, were duly summoned into court along with the other defendants therein at the beginning of the proceedings. They were therefore in court for all of the proceedings in the cause, including trial and final judgment, without further notice (McCormick v. Stephens, 141 Mo. App. 236, 239, 124 S. W. 1076) and had ample opportunity upon the trial to have raised such questions. The fact that they were not personally present at the trial and took no part therein is immaterial. They had an opportunity to be there and to take part therein and should have been there and raised such questions in the proper manner if desirous of a review of such questions upon this appeal.

The only questions therefore before us for consideration are those arising upon the record proper and such as may be based upon the motion of the defendants investment company and Charles D. Carlisle for a new trial, that have been properly briefed herein.

4. First, as to those raised upon the record proper—

The record proper consists of the petition, the summons, and all subsequent pleadings, including the verdict and the judgment. [Kan-

sas City, Clinton & Springfield Ry. v. Carlisle, 94 Mo. 166, 7 S. W. 102.]

It does not include the motion of defendant loan association. [City of Tarkio v. Clark, 186 Mo. 285, 85 S. W. 329.]

If it did, such motion would, nevertheless, for the reasons above stated, be insufficient to present any question for review.

The petition named the defendant investment company as the owner of the property appropriated and charged that the defendants loan association and Landry Harwood, trustee, claimed some interest therein by virtue of a deed of trust and that other defendants mentioned claimed some interest therein.

The defendant loan association, by reason of its note and deed of trust securing its payment, had such an interest as owner of the property sought to be appropriated as to justify the plaintiff in making it a defendant, along with the defendant investment company and other defendants. [Morgan v. Williams, 318 Mo. 151, 1 S. W. (2d) 193.]

It was therefore properly joined as a party defendant. [Sections 1340 and 1343, R. S. 1929.]

Under the provisions of section 1340, supra, and the sections following, to and including section 1344, Revised Statutes 1929, it was within the jurisdiction of the court to cause the damages, if any, accruing to defendants by reason of the appropriation of said lands to be determined and assessed; and it was within the jurisdiction of the court to require the restoration by defendants of any damages interlocutorily assessed by the commissioners appointed therefor, in the course of such proceedings, and paid by plaintiff to the clerk of the court for them and by the clerk paid to them that might be required upon a final assessment of such damages by the jury, upon exceptions to such interlocutory assessment by any of the parties thereto. [State ex rel. St. Louis & N. W. R. Co. v. Klein, 140 Mo. 502, 41 S. W. 895; St. Louis, M. & S. E. R. Co. v. Moldenhauer, 130 Mo. App. 243, 109 S. W. 91; Missouri Pac. R. Co. v. Roberts, 187 Mo. 309, 86 S. W. 91.]

The interest of the defendant investment company as owner of the fee and that of the defendant loan association as mortgagee and that of the defendant Landry Harwood as trustee extended alike to the entire tracts appropriated; and, under such circumstances, it was not required that plaintiff or the commissioners should determine the respective rights of the defendants between themselves. [Union Depot Co. v. Frederick, 117 Mo. 138, 26 S. W. 350; Chicago, N. St. P. R. Co. v. Baker, 102 Mo. 553, 15 S. W. 64; State ex rel. Mc-Caskill v. Hall (Mo), 28 S. W. (2d) 80.]

The parties, if unable to determine such matters between themselves, are left to have them adjusted by the court. [Union Depot Co. v. Frederick, supra; Chicago, M. St. P. R. Co. v. Baker, supra.]

Had it been required that defendants' damages be separately assessed from one another, yet that such was not done does not render the proceedings void or the final judgment of the court void. That such was not done amounts to but a mere irregularity. [Union Depot Co. v. Frederick, supra.] The attention of the trial court should have been called thereto by a timely motion for a new trial or, more properly, by a motion in arrest of judgment preserved in a bill of exceptions. [State v. Goad, 296 Mo. 452, 246 S. W. 917.]

Both the verdict of the jury and the judgment of the court are responsive to the issues made by the pleadings. The only issue made is with respect to the amount of the damages sustained by the defendants by reason of the appropriation of their lands, or lands in which they had an interest, by the plaintiff, for the payment of which to them plaintiff was liable. The verdict of the jury that there were no damages to the defendant owner in fee and in failing to reassess any damages to the defendant loan association was directly responsive to such issue. Under the petition, there can be no question but that the court had jurisdiction to require the restoration by the defendants of the damages which had been interlocutorily assessed by the commission and paid by plaintiff to the clerk of the court for defendants and by the clerk of the court paid to them.

With respect to the contention that there was no finding by the verdict against defendant loan association upon which to justify a judgment against it and that there was no evidence to justify a judgment against it, it will be noticed that the amount of damages assessed by the commissioners and paid into court by the plaintiff, on the filing of the commissioners' report, was interlocutory only and, whether the same was withdrawn by the defendants before final judgment or not, was subject to the final award of damages to be afterward made by the jury upon exceptions to such report by any of the parties to the litigation. The failure of the verdict to reassess any damages in favor of defendant loan association amounted to a finding against it upon the question of damages which authorized a judgment against it upon such issue. The failure of the defendant loan association to except to the report of the commissioners and the acceptance by it of such report and the assessment of damages thereunder did not operate to make the damages so assessed by the commissioners' final or to render the question as to the amount of such damages, if any, to which defendants were entitled a matter *res adjudicata* between them and plaintiff. The right remained in plaintiff to except to the assessment by the commissioners and to ask for a jury trial as to the amount of such damages; and the defendants' action in accepting and withdrawing the damages assessed them by the commissioners was subject to such right of plaintiff to a reassessment by the jury and likewise subject to the right of any codefendant

to a reassessment by the jury. The defendant loan association could not, by the acceptance thereof and the release of its deed of trust upon the property being appropriated, avoid plaintiff's right and could not, after being duly summoned and brought into court, depart therefrom until after final judgment, except at its own peril, unless by agreement with plaintiff and other parties interested that it might do so. There is no evidence of any such agreement in this case. The defendant loan association was not entitled to further notice.

The defendant investment company filed exceptions to the commissioners' report; and its exceptions extended to the entire damages assessed by the commissioners, not only to those in favor of itself but to those in favor of the defendant loan association and all other parties in whose favor damages had been assessed. Likewise, the plaintiff filed exceptions, which extended to the entire assessment of damages made by the commissioners, not only to the damages assessed in favor of the defendant investment company but to those in favor of the defendant loan association and of all other parties. The defendants were in court for the trial and for judgment upon such exceptions by virtue of the original summons. The burden of proof was upon each of defendants to show its or his damages upon such reassessment.

The commissioners' report was set aside and went out of the case, so far as it related to the assessment of damages, upon the trial by jury of the question of damages upon the exceptions filed and the return of verdict, if not sooner, upon the order of the court for a jury trial; and it no longer furnished any basis for the determination of the damages or for the retention by the defendants of the damages which had been interlocutorily assessed and paid them.

There was no assessment of damages remaining in favor of either of the defendants investment company or loan association after the verdict of the jury upon the exceptions filed. As above noted, the failure of the verdict to reassess damages in favor of the defendant loan association was a verdict against it.

The defendants had joined in the withdrawal of the full amount of the interlocutory damages assessed; and, when the commissioners' report was set aside by the action of the court in ordering a jury trial of such damages and when the jury found that there were no damages or failed to reassess any, there was nothing left in the case upon which the defendant loan association or other defendants might make or base any claim for damages or upon which they might base any right to withhold the damages or any part thereof from plaintiff, which had been interlocutorily assessed and paid them. They thereafter held such for plaintiff's benefit alone. They were in court with plaintiff's money and without any right to withhold it. The court, in the final ascertainment and adjustment of damages by its

final judgment, had the undoubted right to take such matters into consideration and to require defendants to account for and restore the amount which had been so received by them as damages from the plaintiff; and the verdict and the evidence were altogether sufficient therefor.

The court had jurisdiction of the subject-matter and of the persons of the defendants, all of the defendants having been personally served with summons at the beginning of the proceedings. This being true, it had jurisdiction to render the final judgment. That the proceedings relating thereto may have been irregular in some respects, if so, is immaterial. [Union Depot Co. v. Frederick, supra.]

We find nothing on the face of the record proper on which the judgment of the trial court may be impeached.

6. The claim of the defendant loan association that it was liable only for the portion of the damages actually received by it from the clerk and retained by it and that there is no evidence that it received and retained any of such is without merit. It might be true that it was not liable for any portion of the damages assessed which had not been received by it, but it is not true that there is no evidence that any of such was received and retained by it. The record shows that the defendant loan association received jointly with the defendant investment company the entire amount of such damages and jointly receipted to the clerk, with the defendant investment company, for the entire amount thereof. That it did not retain any part or the whole thereof is not shown by the record. In the absence of other evidence, this was sufficient to justify the court in ordering a joint judgment against it, along with the defendant investment company, for the restoration of the full amount. Moreover, the record shows that the damages assessed by the commissioners were assessed in a lump sum as the damages for all the defendants and paid into court for all of them. The entire sum was paid over to the defendant loan association as mortgagee, jointly with the defendant investment company; and it may be required to restore it, regardless of where the true ownership was or for whose benefit such sum may have been originally paid into court.

Neither does the contention of the defendants that plaintiff was required to proceed against them for the restoration of such damages by a new suit or by a motion in the condemnation proceedings, upon special notice to them have any merit. That plaintiff might have proceeded in such manner is true, but that it was required to do so is not true. It had the right to have the entire question of damages, including the restoration by the defendants of the sum which had been paid them interlocutorily, adjusted by the court in its final judgment. The defendants were in court by service of summons at the beginning of the proceedings and were there for all purposes until

the case was finally disposed of. They had an opportunity to be present and to be heard at the final judgment, if they had so desired.

8. This leaves then only the question raised by the motion for a new trial, filed by the defendant Carlisle and the defendant investment company, as such questions appear brought forward in the assignment of errors and points made and briefed by defendants in their brief upon this appeal. These relate solely to the giving for plaintiff of instructions one to twelve inclusive and to the insufficiency of the verdict upon which to base the judgment against the defendant loan association and the insufficiency of the evidence and of the verdict therefor. Other assignments appear which do not appear to be carried forward or to be mentioned in the brief under points made and authorities cited and are therefore to be treated as abandoned. [Farasy et al. v. Hindert (Mo.), 82 S. W. (2d) 573.]

9. The questions as to the insufficiency of the verdict and the evidence on which to base a judgment against the loan association or against the defendant investment company are fully disposed of by what has been heretofore said in this opinion under paragraph 5 where it was held that such evidence and verdict were sufficient to justify the judgment rendered thereon against the defendants.

10. The appealing defendants complain that the court erred in giving instructions numbered 1 to 12 inclusive for plaintiff. The record, however, sets forth only ten instructions for plaintiff, which are numbered 1 to 10 inclusive. We have examined such instructions and fail to find any merit in any of the objections, specific or general, made to them or any of them. Instruction 1 properly declares the law to be that the burden of proof is upon defendants to show their damages. Instruction 2 properly declares the law and, in the form given, has been approved by the appellate courts. [State ex rel. State Highway Commission v. Farmer's Estate (Mo. App.), 68 S. W. (2d) 721.] Instruction 3 properly declares the law. [State ex rel. State Highway Commission v. Stoddard Gin Co. (Mo. App.), 62 S. W. (2d) 940; Arkansas Missouri Power Co. v. Killiam, 225 Mo. App. 454, 40 S. W. (2d) 730; Missouri Power & Gas Co. v. Creed, 32 S. W. (2d) 783, l. c. 786.] Instruction 4 properly declares the law. [State ex rel. State Highway Commission v. Farmer's Estate, supra.] Instructions 5, 6, 7, 8, and 9 properly declare the law and are unobjectionable. [State ex rel. State Highway Commission v. Farmer's Estate, supra.] Instruction 10 is to be read in connection with the other instructions and, when so read, clearly refers to benefits resulting at the time of the appropriation of defendants' lands as those to be charged and does not authorize the charging of future benefits or benefits thereafter to be received and is not open to the objections made against it.

No assignments of error or points appear to have been made in defendants' brief with respect to other matters set out in the motion for new trial.

Having disposed of all of the questions properly made and raised by defendants' brief, it follows from what has been said that the judgment of the trial court should be and is affirmed. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of REYNOLDS, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.

### ON REHEARING.

CAMPBELL, C.—This court, at a prior term, adopted the opinion of Commissioner REYNOLDS and thus affirmed the judgment. A rehearing was granted and the cause was resubmitted at the present term of this court.

We have again examined the record and briefs and have arrived at the conclusion that in the opinion heretofore adopted the facts were correctly stated and that the legal principles therein announced are sound.

We consider it proper to say that when the appellants and Harwood joined in the motion requesting the trial court to permit them to withdraw the damages awarded in the report of the commissioners, each of said defendants entered a general appearance and none of them could thereafter disappear.

We therefore adopt the opinion written by Commissioner REYNOLDS as the decision of this court, and the judgment is affirmed as expressed in said opinion. *Sperry, C.,* concurs.

PER CURIAM:—The foregoing opinion by CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.