STATE of Missouri ex rel. STATE HIGH-
WAY COMMISSION of Mis-
souri, Respondent,

v.

COMMONWEALTH DRIVE–IN THEA-
TRES, INC., et al., on Exceptions of
J. C. Nichols Company, Appellant.

No. 24525.

Kansas City Court of Appeals.

Missouri.

Feb. 6, 1967.

Motion for Rehearing and/or Transfer to Su-
preme Court Denied April 3, 1967.

Application to Transfer Denied
July 10, 1967.

Reed O. Gentry, Rogers, Field & Gentry, Kansas City, for appellant.

Robert L. Hyder, Jefferson City, Earl H. Schrader, Jr., Tom J. Helms, Kansas City, for respondent.

HOWARD, Presiding Judge.

This is a condemnation proceeding brought by the State Highway Commission to acquire right-of-way for the improvement of U. S. Highway 71, in the southern part of Jackson County, Missouri. The land involved consists of two tracts described in paragraphs 28 and 29 (including sub-paragraphs) of the petition. The land described in paragraph 28 consisted of 36 and a fraction acres owned by the J. C. Nichols Company alone. The other tract, which was described in paragraph 29, consisted of approximately 1½ acres located between the north and south lanes of existing U.S. Highway 71, which was owned by the J. C. Nichols Company and was under lease to the Rutledge Oil Company for filling station purposes. The Rutledge Oil Company owned the buildings and improvements. Commissioners were duly appointed and they valued the two tracts separately. They awarded $149,000.00 for the tract described in paragraph 28 to Nichols alone. They awarded $47,000.00 for the tract described in paragraph 29, jointly, to Nichols and Rutledge. These awards were paid into court by the Commission and were drawn down by Nichols alone, as to the tract described in paragraph 28, and by Nichols and Rutledge, jointly, as to the tract described in paragraph 29. Nichols, as the owner of the land involved in both tracts, filed exceptions and the Commission filed its exceptions to the award to Nichols, as to both tracts, and to the award to Rutledge as to the tract described in paragraph 29. Rutledge did not file any exceptions.

It was agreed between Nichols and the Commission that the exceptions as to the two tracts would be tried together and that the jury could render one verdict for its combined valuation of both tracts. Prior to trial the Commission's exceptions as to Rutledge were dismissed. At the trial, on cross-examination of a valuation witness for Nichols, it was brought out that he valued the improvements on the tract described in paragraph 29, which improvements belonged to Rutledge, at $16,400.00. Although Nichols claimed to have acquired the rights of Rutledge and to be entitled to the benefit of the valuation of their build-

ings, this was never established at the trial and it was agreed that the valuation testimony as to the tract described in paragraph No. 29 should be reduced accordingly.

The jury rendered its verdict valuing the two tracts together at $188,900.00. This valuation covered only the ownership of the land by Nichols and did not include any valuation for the buildings or leasehold owned and held by Rutledge. On such verdict, the court entered its judgment in favor of Nichols for $188,900.00. Thereafter, and without further entry of any order by the court, a general execution was issued in favor of the Commission and against Nichols in the amount of $7,100.00, being the difference between the jury's verdict to Nichols for the two tracts of $188,900.00 and the total of the commissioners' award of $196,000.00 to Nichols and Rutledge for their combined interests in the two tracts. On motion this execution was quashed. Thereafter, the Commission filed a motion for judgment against Nichols in the amount of $7,100.00, representing the difference between the jury's verdict and the commissioners' award. In response to this motion the court entered its judgment reciting certain of the foregoing facts and providing that the Commission recover from Nichols the sum of $7,100.00. From such judgment Nichols has duly appealed.

Section 523.045 V.A.M.S. provides, in pertinent part, as follows: "If, within thirty days after the filing of any such commissioners' report the condemnor shall have paid the amount of any commissioners' award to the persons named in the petition as owning or claiming any property or rights or to the clerk of the court for them and the amount of such award shall be superseded by a subsequent verdict or amount larger than the award paid, then interest on the amount by which such verdict exceeds the award, at the rate of six per cent per annum from the date of filing the report, shall be added to the amount of the verdict; but *if the amount of the award shall be superseded by a subsequent verdict or amount smaller than the award*

*paid, then judgment shall be entered against said persons named to repay to condemnor the amount by which the award paid exceeds the amount of the verdict, with six per cent interest on such excess payment* from the date of the payment of the award." (Emphasis supplied).

■ This statute is declaratory of certain substantive rights which existed prior thereto and has been held to be merely procedural in providing a simplified procedure for adjusting the rights of the condemnor and the condemnee, when the jury's verdict places a different value on the land taken by condemnation than was placed thereon by the award of the commissioners. Thus, when the jury's verdict is for an amount less than the award of the commissioners it has long been held that the condemnor, who has paid the amount of the commissioners' award into court, has a right to the refund of the overpayment. See St. Louis M. & S. E. R. Co. v. Moldenhauer, 130 Mo.App. 243, 109 S.W. 91. Likewise, the right of the landowner to interest on the amount by which the jury's verdict exceeds the commissioners' award has been held to be a substantive right independent of this statute. See State ex rel. State Highway Commission v. Ellis, Mo.App., 382 S.W.2d 225 and State ex rel. State Highway Commission v. Kendrick, Mo., 383 S.W.2d 740. These cases point out that the statute merely provides a convenient procedure for effectuating these rights and did not create the rights themselves.

Thus, when the award of the commissioners and the jury's verdict do not agree in amount, the parties have a right to have the difference adjusted and this statute provides a procedure for making such adjustments. Our question is whether the facts here presented create a right to such an adjustment, which adjustment should be made in the manner described in Section 523.045.

■ Under this statute, when the jury's verdict is returned, it is the duty of the

court to compare such verdict to the commissioners' award. If the jury's verdict is more than the award, the court is authorized by the statute to add interest on the excess, at the rate of six per cent. On the other hand, if the jury's verdict is less than the commissioners' award, then the court is directed to enter judgment against the landowner, requiring him to repay the excess received over and above the jury's verdict, with six per cent interest on such excess.

■ The commissioners' award as to the tract described in paragraph 29 was to Nichols and Rutledge jointly. There was no valuation by the commissioners as to the interest of either company separately. This award was drawn down by the two companies jointly. There is nothing in the record to enable us to divide this gross award of $47,000.00 between these two companies. If these two companies did divide this award between themselves, the record does not reveal what division was made. The only hint that we have as to the valuation of the oil company's interest is in the testimony of one witness for Nichols, who placed a valuation of $16,400.00 thereon. Apparently this testimony did not go to the jury and admittedly the jury did not return its verdict on a basis including any valuation for the Rutledge interest.

Thus we have a situation where the commissioners' award was paid to two companies, whereas the jury's verdict referred only to the interest of one company. If Section 523.045 authorizes a judgment against the landowner in such situation, then it would require the court to compare the jury's verdict on the valuation of the Nichols' interest alone, to the commissioners' award on the valuation of the Nichols and the Rutledge interests, combined. Such comparison cannot be made. It is simply a case of apples on the one hand and oranges on the other; the two are not comparable.

In State ex rel. State Highway Commission v. Paul, Mo., 368 S.W.2d 419, our Supreme Court, en banc, was considering the right of the Commission to recover interest on the amount by which the commissioners' award exceeded the jury's verdict. It was held that this right was created by Section 523.045. The court pointed out that the factor controlling the right to recover interest was payment. In our present case the total amount of the commissioners' award as to the tract described in paragraph 29 was not paid to Nichols, instead it was paid to Nichols and Rutledge jointly. Under such circumstances there was no basis on which the trial court could determine whether or not Nichols had been overpaid, and, if so, in what amount. Such determination could only be based on conjecture and speculation; such uncertainty will not support a judgment against Nichols alone.

■ The statute as above quoted provides for entry of such judgment "against said persons named." By reference to the preceding provisions of this statute, this phrase refers to "the persons named in the petition as owning or claiming any property or rights" in the lands condemned. Applying this statute to the facts before us, it appears that "the persons named in the petition as owning or claiming any property or rights" in the lands condemned, refers to both Nichols and Rutledge, as to the tract described in paragraph 29 of the petition. This would mean that the court would be required to enter its deficiency judgment against both Nichols and Rutledge, because they were both named as owning or claiming some property or rights in the property described in paragraph 29 of the petition. However, Rutledge did not file any exceptions to the commissioners' award. The Commission dismissed its exceptions as to Rutledge. Thus, the value of the Rutledge interest in the tract described in paragraph 29 of the petition was not adjudicated and the value thereof was not subject to and did not enter into the jury's verdict. Rutledge did not participate in the jury trial on the issue of damages, the verdict did not purport to de-

termine any issue as to Rutledge's interest, and the trial court did not attempt to enter a judgment against Rutledge.

In its brief, the Commission urges that this situation was the result of mistakes made by Nichols and its counsel, and that they cannot now complain thereof. We note that the questions of valuation of the two tracts were consolidated and submitted together and the jury authorized to render one verdict covering both tracts, by stipulation and agreement of the parties. Further, the Commission dismissed its exceptions to the Rutledge award, which it had a perfect right to do, with or without the consent of Nichols. State ex rel. State Highway Commission v. Kimberlin, Mo. App., 267 S.W.2d 51. Thus, in this circumstance, the factual situation presented to the jury was not the result of any fault or mistake by either party. However, the fact remains that the jury's verdict valued only the interest of one party, i. e., Nichols, whereas the commissioners' award, as to the tract described in paragraph 29, was paid to and received by two parties, i. e., Nichols and Rutledge. In such circumstances, the court cannot compare the verdict for Nichols alone with the commissioners' award in the amount of $47,000.00, paid to both Nichols and Rutledge. Since the jury's verdict gave one combined value for both tracts, the vice as to tract 29 permeates the entire verdict. Therefore, it is impossible for the court to compare the jury's verdict with the commissioners' award. Consequently, neither Section 523.045, nor the law under which such rights were recognized prior to the enactment of this section, authorize a judgment against Nichols. There is simply no basis upon which it can be determined whether or not an overpayment has occurred.

On the basis of the foregoing, the judgment of the trial court for the Highway Commission and against the J. C. Nichols Company in the amount of $7,100.00, plus interest, is reversed.

All concur.