THE STATE *ex rel.* ST. LOUIS, KEOKUK & NORTHWESTERN RAILWAY COMPANY v. KLEIN *et al., Judges.*

In Banc, July 6, 1897.

1. **Final Judgment Defined.** A judgment is "the final determination of the rights of the parties in an action." A judgment, though upon the merits, or though determining some substantial right, which makes necessary further judicial action before the rights of the parties are settled, is not final.

2. ———: CASE DETERMINED. In a condemnation proceeding the defendant had been awarded $87,510 by the commissioners, which had been paid and received by him and on appeal to the circuit court this award was reduced to $47,900 by the jury, and the plaintiff filed a motion asking for a judgment for the excessive payment or for $39,610. This motion was sustained but the court further ordered that such sum should not bear interest, nor should execution issue therefor or be a lien upon defendant's real estate "until the further order of the court." *Held*, that this was not a final judgment, and that plaintiff is entitled to a *mandamus* to compel the circuit judge to enter up a judgment that will entitle plaintiff either to an execution or to an appeal to this court for a review of the judgment of the trial court.

3. ———: MANDAMUS. This court will not undertake in a *mandamus* proceeding to compel a circuit judge to enter a final judgment, to state what such judgment should be or what it should contain, but a proceeding by *mandamus* is a proper remedy to compel the entry of a final judgment. ·

4. ———: INCIDENTS OF A FINAL JUDGMENT. A final judgment means one that can be enforced by execution; one that bears interest, and is a lien on real estate.

## Mandamus.

PEREMPTORY WRIT AWARDED.

*John H. Drabelle* and *E. S. Robert* for relator.

(1) By virtue of this alleged judgment we can never have execution to collect the sum due; nor will that amount ever draw interest by virtue of this alleged judgment; nor can the clerk ever index the same as a judgment by force of this alleged judgment; nor can a lien ever arise by virtue of it; but all of these essential attributes of a judgment given as a matter of right by the statutes are to arise by virtue of an order which may or may not be made in the future. *Baker v. State*, 3 Ark. 491; *Burk v. Tailor, Mound & Co.*, 12 Cal. 408; *Davidson v. Carroll*, 23 La. Ann. 108; *Canal County v. Beers*, 1 Black. 54; *Baldwin v. Foss*, 14 Neb. 455. (2) What is meant by a final judgment is that it is final so far as the court which rendered it is concerned. *State v. Sutterfield*, 54 Mo. 394; *Hill v. Young*, 3 Mo. 338; *Railroad v. Railroad*, 94 Mo. 542; *Williams v. Conroy*, 52 Cal. 414; *Dillon v. Insurance Co.*, 44 Md. 386; *Harris v. Hauser*, 26 W. Va. 595; *Hamlitt v. Simms*, 44 Ark. 141; *Dickinson v. Corwin*, 11 Paige, 191; *Williamson v. Field*, 2 Barb. Ch. 281; *Chittenden v. Society*, 8 How. Pr. 327; *Williams v. Field*, 2 Wis. 421; *School Dist. v. Kemen*, 68 Wis. 246; *Wilson v. Daniel*, 3 Dallas, 401; *Ins. Co. v. Wilson*, 8 Peters, 291; *Whitaker v. Bramson*, 2 Paine, 209. (3) This court

will compel the entry of an ordinary common law judgment when the court below has exercised its right to determine all of the facts essential to that judgment, and the entry of a proper judgment is a mere ministerial act, in nowise affecting the discretion of the lower court. *State ex rel. v. Philips*, 97 Mo. 331; *State ex rel. v. Tracey*, 94 Mo. 217; *State ex rel. v. Lewis*, 71 Mo. 172; *Vernon v. Boggs*, 1 Mo. 116, 274; *Pettigrew v. Washington Co.*, 43 Ark. 33; *McCrary v. Rodgers*, 34 Ark. 298; *County of Boone v. Todd*, 3 Mo. 140; *Beck v. Jackson*, 43 Mo. 117; *State ex rel. v. County Court*, 44 Mo. 230.

*Rowell & Ferriss* and *Joseph S. Laurie* for respondent.

(1) Relator has no title or right to the relief sought. It is a fundamental principle underlying every application for a writ of *mandamus* that the applicant must show "a clear legal right to have the thing done which he asks for." Merrill, Mand., sec. 56; Spelling Extr. Rel., sec. 1369; High, Extr. Leg. Rem., sec. 10; *State ex rel. v. Francis*, 95 Mo. 44; *Rothan v. Railroad*, 113 Mo. 132; *Railroad v. Fowler*, 113 Mo. 458; *Railroad v. Clark*, 119 Mo. 357; *Snyder v. Cowan*, 120 Mo. 389; *Railroad v. Clark*, 121 Mo. 169; *Railroad v. Eubanks*, 130 Mo. 271; *Hook v. Railroad*, 133 Mo. 313; *Kansas City v. Ward*, 134 Mo. 172. (2) An appeal has been taken from the judgment rendered and the same is now pending. It is a sufficient return to the alternative writ directing the entry of a judgment that the cause has been removed by appeal beyond the jurisdiction of the court to which the writ is directed, since the appeal deprives such court of the jurisdiction to act in the case. High, Extr. Leg. Rem., sec. 236; *Board of Commissioners v.*

*Cutler*, 7 Ins. 6; *State ex rel. v. Livsey*, 42 N. W. Rep.
762; 14 Am. and Eng. Ency. Law, p. 111; Weeks on
Jur., p. 150; *Burgess v. O'Donoghue*, 90 Mo. 301;
*DeKalb Co. v. Hixon*, 44 Mo. 341; *Stewart v. Stringer*,
41 Mo. 401; *Ladd v. Couzins*, 35 Mo. 513. (3) The
judgment is final and therefore reviewable by appeal
or writ of error; hence, *mandamus* will not lie. *State
ex rel. v. Neville*, 110 Mo. 345; Wells, Res. Adj., sec.
441; *Moody v. Deutsch*, 85 Mo. 237; *Rogers v. Gosnell*,
51 Mo. 466; *Black v. Rogers*, 75 Mo. 441; *Bank v.
Reilly*, 8 Mo. App. 544; *Bank v. Sheffey*, 140 U. S.
445; *Railroad v. Express Co.*, 108 U. S. 24; *Iron Co.
v. Meeker*, 109 U. S. 180; *Howland v. Railroad*, 134
Mo. 474. (4) It is not the office of a writ of *manda-
mus* to undo what has already been done, or rectify
judicial errors, or substitute the conclusion of law of
the superior court for that of an inferior court, or to
direct a particular judgment. *State ex rel. v. Smith*,
105 Mo. 6; *State ex rel v. Neville*, 110 Mo. 345; *State
ex rel. v. Young*, 84 Mo. 90; *State ex rel. v. Flad*, 108
Mo. 614; *State ex rel. v. Cramer*, 96 Mo. 75; *State ex
rel. v. Gregory*, 83 Mo. 123, 136; *State ex rel. v. Court
of Appeals*, 87 Mo. 374; *State ex rel. v. Wilson*, 49
Mo. 146; *Ex parte Morgan*, 114 U. S. 174; *Ex parte
Perry*, 102 U. S. 183.

MACFARLANE, J.—This is an original proceeding by
*mandamus*, the object of which is to require respond-
ents, as judges of the St. Louis Circuit Court, to enter
a final judgment in favor of relator and against William
G. Clark in a certain condemnation proceeding by
said relator against the said Clark, which had been
heard and determined by said court.

An alternative writ of *mandamus* was issued and
respondent Flitcraft, judge of division 2 of said circuit
court, has made return thereto. Without copying the

writ or return we will briefly state the facts as disclosed therein. In 1890 the relator, the St. Louis, Keokuk & Northwestern railroad company, commenced a proceeding against one William G. Clark and others to condemn, for right of way for its railroad, certain land of the defendants. Commissioners were duly appointed to assess the compensation to which defendants were entitled and afterward, on June 20, 1891, they filed their report awarding to Clark $87,510. June 29, 1891, the railroad company paid into court for Clark the amount of the award and took possession of the land. On the twenty-fourth day of October, 1891, on motion of Clark, the clerk of the court was ordered to invest the fund at four per cent. *per annum*. On the sixth of January, 1894, on motion of Clark, the clerk was ordered to and did pay over to him the said sum of $87,510 with accumulated interest, $7,691.25, making a total of $95,201.25, which amount he still retains. To the award of the commissioners both parties excepted and a trial by jury was ordered. On May 6, 1895, a verdict was rendered by a jury assessing Clark's damages at $47,900. Clark filed a motion for a new trial which was overruled on the fifth day of April, 1897. On April 21, 1897, the railroad filed a motion asking for a judgment against Clark for $39,610, being the difference between the commissioners' award and the verdict; also for the four per cent interest earned on said sum when it was actually deposited before it was delivered to Clark, and also for six per cent interest on said amount from the date that Clark received the same. On May 18, 1897, Judge Flitcraft overruled said motion for judgment in favor of the railroad and against Clark; also overruled the relator's motion for a rehearing, and on the eighteenth day of May, 1897, entered the following order, which, in his return, he claims is a judgment:

"Now again come the parties, namely, the plaintiff, the St. Louis, Keokuk & Northwestern Railroad Company, by its attorneys and counsel, Messrs. John H. Drabelle and E. S. Robert, and the defendant, William G. Clark, by his attorneys and counsel, Messrs. Rowell & Ferriss, and John P. P. Ellis, Esq., and the cause coming on to be tried upon the exceptions of both parties hereto to the report of the commissioners herein as to the award and assessment of damages made by the said commissioners as the compensation to which the said defendant is entitled for the land belonging to him, and which the plaintiff has taken and appropriated for railroad purposes, as well as the damages sustained by him by reason of such appropriation, and the court having heretofore, at the request of the said defendant, issued a *venire* for a special jury to try the issue involved in said exceptions; and the jurors summoned under the said *venire* having appeared in court, and having been duly examined on their *voir dire* by the parties, the following named persons, being twelve good and lawful men, were accepted, chosen and sworn as the special jury in this cause to try the said issue. [Here follow the names of the jurors.] Thereupon the trial of said cause having been concluded, the said jurors returned to the court their verdict in words and figures following, viz.: 'We, the jury, find that the defendant William G. Clark, has been damaged by reason of the appropriation by plaintiff of the strip of ground firstly described in the petition for the purposes of its railroad, and assess his damages at the sum of forty-seven thousand, nine hundred dollars.

" 'A. O. TERRY, Foreman.'

"And it appearing to the court that the commissioners herein awarded to the said defendant Clark the sum of eighty-seven thousand, five hundred and

ten dollars ($87,510) as the compensation to which he was entitled for his property to be taken and damaged by the plaintiff, and that plaintiff heretofore, on the twenty-ninth day of June, 1891, paid the sum of eighty-seven thousand, five hundred and ten dollars into the court for the said defendant Clark, and thereupon entered upon and took possession of his said property. And it further appearing to the court that thereafter, on the sixth day of January, 1894, the said defendant Clark under an order of the court received the said sum of eighty-seven thousand, five hundred and ten dollars ($87,510), together with the further sum of $7,691.25 interest earned thereon while the said sum remained in the registry of the court, and has ever since retained the same; it is considered, adjudged and decreed by the court, as follows:

"*First.* That the compensation to which the said defendant, Wm. G. Clark, is entitled for the land taken and appropriated by the plaintiff herein, and more fully described, as follows, viz.: [Here follows the description of the land of Clark as described in the petition] and for the damages sustained by him by reason of the taking and appropriation of said land, in the sum of forty-seven thousand, nine hundred dollars.

"*Second.* That the plaintiff is entitled to a return of the sum of thirty-nine thousand, six hundred and ten dollars ($39,610), without interest, from the said Clark, and the court doth now order and direct the said defendant Clark to repay to the plaintiff or into court for the plaintiff, the said sum of thirty-nine thousand, six hundred and ten dollars ($39,610).

"*Third.* The court doth order, adjudge and direct that the said sum of thirty-nine thousand, six hundred and ten dollars ($39,610) shall not bear interest until, upon the further order of the court, an execution

is ordered in favor of the plaintiff, and against the defendant Clark, for the recovery of said sum, and that said execution shall not issue until the further order of the court, leave being hereby reserved to the plaintiff to apply for such execution at any time after the expiration of this term of court, unless the said defendant Clark shall have during this term of court perfected an appeal in this cause to the Supreme Court; and if the said Clark shall have perfected such appeal, then the plaintiff shall have leave to apply for such execution at any time thereafter, upon filing in this court the mandate of the Supreme Court showing that this judgment and decree has been affirmed by the Supreme Court, or showing a final disposition of such appeal adverse to said defendant Clark.

"*Fourth*. It is further ordered and adjudged by the court that the costs accrued in this cause up to and including the filing of the report of the commissioners herein, and on the notices served by the clerk upon the parties with respect to said report, be paid by the plaintiff, and that all costs accrued in this court since that time be paid, one half by the plaintiff, and one half by the defendant Clark, and that for said costs execution issue against the respective parties.

"*Fifth*. It is further ordered by the court that the clerk of this court shall not make any entry on the record of the abstract of judgment and decree, except as to the costs as herein specified, and that this judgment and decree (except as to such costs) shall not operate as a lien upon any property of the said defendant Clark until upon the further order of the court such execution shall be issued as above provided."

After making this record entry, to wit, on May 22, 1897, the railroad company filed its motion praying that the order overruling its motion for judgment be set aside, and that an ordinary common law judgment

be entered in its favor against said Clark. This motion was overruled, and a motion for a rehearing thereon, which subsequently followed, was also overruled. The judges of the general term having disclaimed all power and authority in the premises, proceedings were dismissed as to all except the Hon. Pembrook R. Flitcraft. As amended, the prayer of the petition and the alternative writ are as follows:

"Now, therefore, we being willing that full and speedy justice be done in the premises, do command you that you do forthwith enter in said cause of the St. Louis, Keokuk & Northwestern Railroad Company against William G. Clark and others, a judgment in favor of the St. Louis, Keokuk & Northwestern Railroad Company and against the said William G. Clark for the sum of $39,610, in the ordinary form of judgments at common law, and as by the statutes of this State provided, to the end that the said relator may have all of the rights incident to a proper judgment, and may, by appeal in this court or by a writ of error sued out of this court, bring said cause here for adjudication by this court of the correctness of the findings of the judge of division number 2 thereof, with respect to the interest to which relator is entitled and the other questions involved in said cause, or show cause," etc.

I. A judgment is defined by our statute to be "the final determination of the right of the parties in an action." R. S. 1889, sec. 2206.

By a final judgment the rights of the parties in respect to the matter litigated, are settled and concluded, so far as the court which rendered it is concerned. "It must appear to be in favor of one party and against the other. It must purport to be the actual and absolute sentence of the law, as distinguished from a mere finding that one of the parties is entitled to a judgment." Black on Judgments, sec. 3; *State v. Sutter-*

*field*, 54 Mo. 394; *Railroad v. Railroad*, 94 Mo. 542; *Stickler v. Tracy*, 66 Mo. 465. "A judgment, though upon the merits or determining some substantial right, which leaves necessary further judicial action before the rights of the parties are settled, is not final." 1 Free on Judgments, sec. 16. A judgment is the decision or sentence of the law, given by a court of justice or other competent tribunal, as the result of proceedings instituted therein for the redress of an injury. Bouv. Law Dic.; 3 Black. Com., 395.

From these definitions it is clear that a finding of facts or the declaration of the rights of the parties are not final judgments. There must be a sentence of the court that the parties have the rights to which they are found to be entitled. And this sentence follows of course, and as a matter of right, from an application of the law to the facts found. A declaration of the rights of the parties is wholly fruitless unless such rights can be enforced, and for their enforcement the parties are entitled to a final judgment.

It is perfectly manifest that plaintiff was given no final judgment in this case. The court finds and declares the right of plaintiff to have returned to it the difference between the amount which had been paid to defendant Clark on the award of the commissioners and the amount of his compensation as found by the jury. It is declared "that plaintiff is entitled to a return of the sum of $39,610," without interest, from said Clark, and the court doth order and direct the said defendant, Clark, to repay to plaintiff, or into court for the plaintiff, the said sum.

It is unnecessary to say whether, if the court had stopped at this direction, it would have constituted a final judgment, for the court proceeds to shear the declaration of all the statutory incidents of a final judgment by declaring that the amount so found due

plaintiff shall not bear interest, that execution shall not issue thereon, and that no lien therefor shall attach to the real estate of defendant. Taking the whole record entry together there is no final judgment and none was intended.

The effect of the finding is that defendant Clark holds for the use of plaintiff the sum of $39,610, and it follows therefrom that plaintiff is entitled to a judgment for that amount.

It is true the judgment may be reversed on Clark's appeal, and the parties will be put back into the position they occupied before the trial, but the same consequence results from the reversal of any money judgment. So far as the circuit court. is concerned the proceeding is concluded and the rights of the parties as found should be established by a final judgment without anticipating the action of the appellate court.

It is true also that the award of the commissioners stands for just compensation, until the end of the litigation, yet the circuit court has jurisdiction of the subject-matter, and a trial therein ends the litigation so far as that court is concerned, and the parties have the right to its judgment. The parties may appeal and may not. If an appeal be taken it may be dismissed. The court having jurisdiction and having tried the case, and found the rights of the parties, should proceed to a final judgment without anticipating the subsequent action of the parties or the results of such action. The statutes make ample provision for superseding the judgments of circuit courts until their validity can be determined on appeal or writ of error.

We are of the opinion, therefore, that plaintiff was entitled to a final judgment upon the facts found, and that no such judgment was given it.

II. The inquiry then is, whether by *mandamus* we can compel the circuit court to enter a final judgment. This court as early as 1848 held that *mandamus* was a proper remedy to compel a judge to enter a judgment on a verdict found by a jury. *Pratte et al. v. Judge of Common Pleas*, 12 Mo. 194.

This decision was followed in *State ex rel. v. Adams*, 76 Mo. 608. The court there says: "For the reasons herein given, we think relators are entitled to a judgment on the verdict . . . and as it has been held in . . . *Pratte v. The Judge, supra*, that *mandamus* is the proper remedy in such cases, it is hereby ordered that the alternative writ be made peremptory." The object of the proceeding in that case was also by *mandamus*, to compel the circuit judge to enter a judgment on the verdict of a jury. This last case was subsequently cited approvingly as illustrating the length to which this court has gone in awarding its writ of *mandamus*. *State ex rel. v. Philips*, 97 Mo. 347.

High says: "But it not unfrequently happens that duties devolve upon courts or judges, either by operation of law, or by positive statute, which partake more of a ministerial than of a judicial nature—and when the duty is so plain and imperative that no element of discretion can enter into its performance. In such cases *mandamus* is an appropriate remedy to compel the performance of the act or duty." High's Ex. Rem. [2 Ed.], sec. 230. The author also says: "Thus the writ of *mandamus* has been granted to compel the entering of judgments when nothing remains but the mere ministerial duty of making the proper entry." *Id.*, sec. 235. See, also, 14 Am. and Eng. Ency. of Law, 112, and cases cited; 2 Spelling, Ex. Rem., sec. 1390. That the court in this case found all the facts

essential to the entry of a final judgment appears from the record made. Nothing remains to be done but the ministerial duty of entering a final judgment in favor of plaintiff on the facts found.

As this court has not the power, by *mandamus*, to direct what judgment shall be entered, there is no call for our opinion as to what the judgment should be. All that can be required is that a final judgment be entered, and that means a judgment that can be enforced by execution, one that bears interest and is a lien on the real estate of defendant within the city of St. Louis, and from which an appeal can be taken. These are all statutory incidents of final money judgments, and can not be dispensed with. To determine whether plaintiff is entitled to a proportion of the interest earned on the amount awarded by the commissioners from the date of the deposit in court to the date at which it was paid to defendant, or to interest from the latter date, are questions which require the judicial action of the court, with which we can not interfere in this proceeding. Whether an appeal by either party will authorize an order staying execution without giving a supersedeas bond, is also a question not now before us.

Plaintiff is entitled to a final judgment upon the facts found, and a peremptory writ of *mandamus* is ordered, directing the said circuit court to enter, as of May 18, 1897, a proper final judgment in favor of relator and against the said Clark for $39,610, the amount so found to be due him.

BARCLAY, J., does not sit. The other judges concur.