JOHN W. KOCH, EXECUTOR OF THE ESTATE OF SAMUEL H. TOWNSEND, DECEASED, APPELLANT, v. LORA MEACHAM, EXECUTRIX OF THE ESTATE OF SUSAN TOWNSEND, DECEASED, AND DELLA KOCH, RESPONDENTS.—121 S. W. (2d) 279.

Kansas City Court of Appeals. November 7, 1938.

454

*A. F. Harvey* for appellant.

*Wright & Ford* for respondent.

BLAND, J.—This is an action to construe the will of Samuel H. Townsend, deceased, who died on or about October 7, 1930. The petition also prays that the court appoint commissioners to make a partition of certain personal property consisting of notes, secured by mortgages on real estate, belonging to the estate of the deceased. The court rendered a so-called judgment, which will hereinafter be described. Plaintiff appealed. The appeal was lodged in the Supreme Court but that court transferred the cause here. [See Koch v. Meacham et al., 116 S. W. (2d) 16.]

The suit was brought by the administrator of the estate of Samuel H. Townsend, deceased, against Susan Townsend and Della Koch, the widow and only child, respectively, of deceased. Susan Townsend died after the action was commenced and Lora Meacham was appointed executrix of her estate and was substituted as a party defendant.

The controversy between the parties in the trial court was largely over the proper construction of the following provision of the will of Samuel H. Townsend, deceased: "I give to my wife, Susan Townsend, cash and real estate notes of the value of Thirty-three Thousand Dollars ($33,000.00)." In addition to this bequest testator gave his wife the house in which they resided, located in the City of Maryville, together with its furnishings. The will provided that if the wife so elected, she might take $4500 in cash in lieu of the house. The widow elected to take $4500 in cash.

The answer of Susan Townsend admits that she had received from the executor of her husband's estate the sum of $29,688.56 in cash and real estate notes and alleged that a balance of $7811.44 remained due her. However, the trial court found that she had received only the sum of $24,650 in cash on the $33,000 bequest, leaving a balance due her of $8350.

It was the contention of the plaintiff in the trial court that he was empowered, under the terms of the will, to turn over to the widow, on the $33,000 bequest, first mortgage real estate notes at their *face* value and, it was the contention of Lora Meacham, executrix of the widow's estate that, inasmuch as the will failed to say whether the $33,000 should be paid in notes or cash, the widow could elect to be paid, either in notes or cash, and that she had elected to be paid in cash.

The evidence shows that what the widow had been paid by the plaintiff was paid in cash, bonds and real estate notes; that she had not been paid anything on her claim of $4500 cash in lieu of the house; that the plaintiff had attempted to have her accept notes at their face value in payment of the balance of her claim against the estate and that she had refused.

In addition to the findings mentioned *supra* the so-called judgment recites the following:

"The Court further finds that said Will provides that said sum of Thirty-three Thousand ($33,000.00) Dollars should be paid in cash and real estate notes, but does not designate the amount to be paid in cash nor the amount to be paid in real estate notes and the Court, therefore, finds that due to the fact that it does not designate the amount that should be paid in cash and the amount that should be paid in real estate notes, that said balance of Eight Thousand Three Hundred Fifty ($8,350.00) Dollars should be paid one-half in cash and one-half in real estate notes.

"The Court further finds that said Will provides that said legacy shall be paid in real estate notes of the value of Thirty-three Thousand ($33,000.00) Dollars and, therefore, finds that said one-half of the balance due on said legacy, should be paid in real estate notes of that value.

"The Court further finds that since the death of the said Samuel H. Townsend, some of the real estate notes have been foreclosed and title to the land taken by the Executor and, therefore, finds that said land, so taken by the Executor, should be treated as if said foreclosure had not taken place, but that said farm should be treated as real estate notes.

"The Court further finds that the value of real estate notes is the reasonable market value of the land, securing the same and that, therefore, Commissioners should be appointed to inspect said land, both those securing notes held by the estate and those to which said estate has since acquired title.

"It is therefore, ordered, adjudged and decreed that John Bookman, Arch K. Frank and Charles C. Corwin be appointed Commissioners to inspect the land, securing notes belonging to said estate and the land in which said estate has acquired title since the death of the said Samuel H. Townsend and determine the reasonable market value of said land and that said Commissioners make an oath to fairly and impartially perform the duties assigned them as Commissioners and that they make a true report of their proceedings to this Court at the next term thereof, to be begun and holden on the 5th day of October, 1936."

Respondent, Della Koch, has filed no brief in this court, but Lora Meacham, executrix of the estate of Susan Townsend, deceased, raises the question of our jurisdiction, claiming that the order of the court from which the appeal was taken was interlocutory and not final.

Section 1018, Revised Statutes 1929, provides:

"Any party to a suit aggrieved by any judgment of any Circuit Court in any civil cause from which an appeal is not prohibited by the Constitution, may take his appeal to a court having appellate jurisdiction from any order granting a new trial, or in arrest of judgment, or order refusing to revoke, modify or change an interlocutory

order appointing a receiver or receivers, or dissolving an injunction, or from any interlocutory judgments in actions of partition which determine the rights of the parties, or from any final judgment in the case, or from any special order after final judgment in the cause.''

Section 1070, Revised Statutes 1929, provides:

''A judgment is the final determination of the right of the parties in the action.''

Under the express provisions of Section 1018, Revised Statutes 1929, an appeal lies from an interlocutory judgment in partition which determines the rights of the parties. Consequently, the fact that the judgment, if it may be so described, is interlocutory in character is not determinative of the point raised.

However, we are of the opinion that the court had no jurisdiction to render an interlocutory judgment in partition and that, consequently, we have no jurisdiction on appeal over such a matter. The statute gives Probate Courts jurisdiction over the distribution of estates and in a proper case (see section 240, R. S. 1929) it may order partitions in kind of personal property among persons entitled to distribution. The statutes afford an adequate remedy and the circuit court had no original jurisdiction in the premises. [Phillips v. Alford, 90 S. W. (2d) 1060; State ex rel. v. Lamm, 216 S. W. 332; Matson & May v. Pearson, 121 Mo. App. 120; Aull v. St. Louis Trust Co., 149 Mo. 1, 17.] The parties could not confer jurisdiction upon the circuit court by consent, expressed or implied. [Phillips v. Alford, *supra*.] No complaint is made by the appellant that the circuit court lacked jurisdiction in this regard. In fact, the appellant in his brief prays for the partition of the notes.

The circuit court had jurisdiction to construe the will and the question suggests itself as to whether we may separate and ignore that part of the so-called judgment looking to a partition of the notes and consider only that part covering the construction of the will. Even in this light this court has no jurisdiction of the appeal because the so-called judgment construing the will is not a judgment but consists of merely findings on the part of the court. [Freeman v. McCrite, 165 Mo. App. 1; Alvord v. McGaughey, 5 Colo. 244; Emig v. Medley, 69 Ill. App. 199; Canadian etc. Co. v. Clarita etc. Co., 140 Calif. 672; State ex rel. v. Brown, 44 Ind. 329; Boden v. Johnson, 224 Mo. App. 211, 216, 217.]

In 33 C. J., pp. 1053, 1054, it is stated:

''A judgment is the determination of the court upon the issue presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties in the particular suit in relation to the subject matter in litigation, and puts an end to the suit.''

And in 3 C. J., p. 443: ''A judgment, order or decree is not final or appealable, unless it determines the merits of the controversy, or

the rights of the parties, and leaves nothing for future determination." "A judgment, though upon the merits or determining some substantial right, which leaves necessary further judicial action before the rights of the parties are settled, is not final. [State ex rel. v. Klein, 140 Mo. 502, 511; Macke v. Byrd, 109 Mo. 487.]

There was no final judgment construing the will within the meaning of the statute covering appeals. Consequently, the appeal should be dismissed and it is so ordered. All concur.