■ In the Matter of JULIUS BENKE, Doing Business as PADDOCK TAVERN, Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Motion by petitioner, in a proceeding pursuant to article 78 of the CPLR, for an additional stay of enforcement of respondent's determination which canceled petitioner's on-premises liquor license, pending determination of the proceeding. Motion dismissed as academic. The proceeding is determined herewith. Hopkins, Acting P. J., Munder, Martuscello, Brennan and Benjamin, JJ., concur.

■ In the Matter of JEANNE M. COSTA, Respondent, v. ROGER COSTA, Appellant.— In a support proceeding pursuant to article 4 of the Family Court Act, the appeals are from two orders of the Family Court, Nassau County (1) one dated July 16, 1969 and entered September 24, 1969, which, inter alia, directed appellant to pay $100 per week for the support of his four children and to continue paying the mortgage, fuel and utility charges upon the marital home of the parties and also medical, dental and hospital insurance costs, and (2) one dated September 24, 1969 and entered October 21, 1969, which denied appellant's motion (a) to set aside the decision upon which the July 16, 1969 order was made and (b) to render a new decision or to grant a new trial. Appeal from order dated September 24, 1969, dismissed, without costs. No appeal as of right lies from a nondispositional order of the Family Court (Family Ct. Act, § 1112); in any event, no appeal lies from an order denying a motion for a new trial, made only on the trial minutes. Order dated July 16, 1969, modified, on the law and the facts and in the exercise of discretion, by striking from the second decretal paragraph the figure "$100.00" in each of the two places it appears and substituting therefore the figure "$80", so that appellant shall be required to pay $80 weekly for the support of his four children in addition to paying the mortgage, fuel, utility, medical, dental and insurance costs. As so modified, order affirmed, without costs. In our opinion, the record discloses that the weekly award of child support was excessive to the extent indicated herein. Christ, Acting P. J., Rabin, Hopkins, Munder and Brennan, JJ., concur.

■ In the Matter of JOSEPHINE OLIVA, Respondent, v. PAT OLIVA, Appellant.— In a support proceeding the appeal is from an order of the Family Court, Kings County, dated November 14, 1969, which (1) directed that the support provisions of prior orders of said court, dated February 2, 1968 and September 12, 1968, respectively, be continued, i.e., that appellant pay $100 semimonthly for the support of his two infant children, issue of his marriage to petitioner, plus $10 semimonthly on account of arrears; (2) denied appellant's application for a downward revision of said support directions; and (3) directed appellant to give a $500 bond or serve a 60-day jail sentence in the event he would fail to comply with the support orders. Order affirmed, without costs. No opinion. Conditional stay granted by this court's order dated January 3, 1970 vacated. Christ, Acting P. J., Rabin, Hopkins, Munder and Brennan, JJ., concur.