**A. C. HERNDON and Jewell Herndon,
Plaintiffs-Appellants,**

v.

**Roy FORD and Aleeta Ford,
Defendants-Respondents.**

**No. 9042.**

Springfield Court of Appeals,
Missouri.

Aug. 5, 1971.

———◆———

Harold L. Henry, West Plains, for plaintiffs-appellants.

Moore & Brill, West Plains, for defendants-respondents.

STONE, Judge.

In this jury-tried action for rentals reserved under a written lease agreement for a term of one year, plaintiffs A. C. Herndon and Jewell Herndon, husband and wife, as lessors, sought to recover rentals for eleven months in the aggregate sum of $1,650 from defendants Roy Ford and Aleeta Ford, husband and wife, both of whom were named in the lease agreement as lessees. However, as was developed in the course of plaintiffs' presentation upon trial, defendant Roy not only executed the lease agreement on his own behalf but also undertook so to do on behalf of defendant Aleeta by signing her name on the instrument. Adverse evidentiary rulings (of which vigorous and persuasive complaint is made in plaintiffs' brief here) having frustrated plaintiffs' counsel in his efforts to show that defendant Roy was authorized so to execute the lease agreement on his wife's behalf, the separate motion of defendant Aleeta Ford for a directed verdict at the close of plaintiffs' evidence was sustained. At the close of all the evidence, the case as to defendant Roy Ford was submitted to the jury, which returned the following verdict: "We, the jury, find the issues in favor of the plaintiffs and assess plaintiffs' damages at $ One Dollar," upon which (so the transcript states) "judgment was then entered as follows . . . ." After preliminary recitals reflecting the appearances of the parties and counsel and the impaneling of the jury, the remainder

of the record entry captioned "Decree" is as follows:

"The plaintiffs offer evidence and rest. *A motion of defendant Alleta* (sic) *Ford for a directed verdict is sustained*; motion for a directed verdict filed by defendant Roy Ford is overruled. Defendant Roy Ford, offers his evidence and rests. Defendant's motion for a directed verdict at close of all the evidence is overruled. The jury is instructed in writing; the parties by their attorneys present their arguments and the cause is submitted to the jury for deliberation.

"The jury returns its verdict in favor of plaintiffs, assessing damages for plaintiffs at $1.00. *The Court enters its judgment upon the verdict for plaintiffs in the sum of $1.00, against the defendant Roy Ford.*

"*WHEREFORE, it is the order and judgment of this Court that the plaintiffs, A. C. Herndon and Jewell Herndon, have and recover judgment against the defendant Roy Ford, in the sum of $1.00, plus the costs of this action.*" (Emphasis ours)

Upon this appeal by plaintiffs from the foregoing judgment, our threshold duty is to ascertain ex proprio motu whether we have appellate jurisdiction [State ex rel. Beeler v. City of Raytown, Mo., 439 S.W.2d 481, 482(2); Hutchinson v. Wesley, Mo.App., 455 S.W.2d 21, 22–23; In re Estate of Hill, Mo.App., 435 S.W.2d 722, 724(3)], more particularly in this instance whether the above-quoted record entry constitutes an appealable judgment vel non. If it does not, we are required to dismiss the appeal sua sponte. Kansas City Power & Light Co. v. Kansas City, Mo., 426 S.W.2d 105, 107(1); Pizzo v. Pizzo, 365 Mo. (banc) 1224, 1227, 295 S.W.2d 377, 379(1); Beezley v. National Life and Accident Ins. Co., Mo.App., 464 S.W.2d 535, 536(2).

In Missouri, the right of appeal is purely statutory and, when not granted by statute, no such right exists. V.A.M.R. 82.01; In re Adoption of LLV and SAV, Mo.App., 457 S.W.2d 2, 3(2); United Security Ins. Co. v. Volkswagen of America, Inc., Mo.

App., 447 S.W.2d 585, 588(1); Hoevelman v. Reorganized School Dist. R2 of Crawford County, Mo.App., 430 S.W.2d 753, 754, and cases collected in note 2. As relevant here, V.A.M.S. § 512.020 extends this right of appeal only to parties who may be aggrieved by "any final judgment in the case" (a "judgment" being defined as "the final determination of the rights of the parties in the action" [V.A.M.R. 74.01; V.A.M.S. § 511.020]); and, to be final and thus appealable, a judgment must dispose of all parties and all issues in the case and must leave nothing for further determination. Elliott v. Harris, Mo. (banc), 423 S.W.2d 831, 832(1); New Age Federal Savings and Loan Ass'n v. Miller, Mo., 461 S.W.2d 876, 878–879; In re In Interest of G——, Mo.App., 455 S.W.2d 3, 7(4); Collier v. Smith, Mo.App., 292 S.W.2d 627, 629(2).

It has long been recognized and settled that a final judgment "must purport to be the actual and absolute sentence of the law, as distinguished from a mere finding that one of the parties is entitled to a judgment" [1 Black on Judgments (2nd Ed.) § 3, l. c. 8; State ex rel. St. Louis, K. & N. W. Ry. Co. v. Klein, 140 Mo. 502, 510, 41 S.W. 895, 897; Freeman v. McCrite, 165 Mo.App. 1, 4, 147 S.W. 1102, 1103(2); State v. French, 118 Mo.App. 15, 21, 93 S.W. 295, 297], and that " '[t]he mere ruling, decision or opinion of the court, no judgment or final order being entered in accordance therewith, does not have the effect of a judgment, and is not reviewable by appeal. . . .' " McCoy v. Simpson, 344 Mo. 215, 217, 125 S.W.2d 833, 834(1), and cases there collected. See Koch v. Meacham, 233 Mo.App. 453, 458–459, 121 S.W.2d 279, 281(3); City of St. Louis v. Pope, Mo., 68 S.W.2d 805.

In the case at bar, the above-quoted record entry captioned "Decree" shows as to defendant Aleeta no more than that her motion for a directed verdict at the close of plaintiffs' case was sustained. There is no indication that the court did direct the jury to return a verdict finding the issues in favor of defendant Aleeta and against

plaintiffs, no such verdict was returned, and there was no judgment dismissing or discharging her—in fact, she was not mentioned in the judgment. The naked recital that defendant Aleeta's motion for a directed verdict was sustained at the close of plaintiffs' case did not constitute a final judgment as to her; hence, there was no final and appealable judgment disposing of all parties and all issues in the case and leaving nothing for further determination. Magee v. Mercantile-Commerce Bank & Trust Co., 339 Mo. 559, 98 S.W.2d 614; Adair County v. Bennett, Mo., 183 S.W.2d 319; Scheid v. Pinkham, Mo., 395 S.W.2d 166. Consult also Harrison v. Missouri-Kansas-Texas R. Co., Mo., 87 S.W.2d 169; Harriman v. Stix, Baer & Fuller Co., Mo., 92 S.W.2d 593; Coonis v. Rogers, Mo. App., 413 S.W.2d 310; Lyons v. Rollinson, 109 Mo.App. 68, 82 S.W. 646; annotation 73 A.L.R.2d 250.

Plaintiffs' appeal is dismissed.

TITUS, P. J., and HOGAN, J., concur.