**Melvin WILLIAMS and Estalee D. Williams, Plaintiffs-Appellants,**

**v.**

**Margaret WILLIAMS, Administratrix of the Estate of Robert V. Williams, Deceased, and Margaret Williams, an individual, Defendant-Respondent.**

**No. 9121.**

Missouri Court of Appeals, Springfield District.

May 5, 1972.

Moore & Brill, Richard D. Moore, Newton C. Brill, John C. Holstein, West Plains, for plaintiffs-appellants.

Esco V. Kell, West Plains, for defendant-respondent.

STONE, Judge.

Melvin Williams and Estalee Williams, as plaintiffs, instituted this suit on October

3, 1968, by the filing of their petition in two counts against Margaret Williams, individually and as administratrix of the estate of Robert V. Williams, her deceased husband. The action is an unfortunate aftermath of a public sale on June 1, 1968, in Eminence, Shannon County, Missouri, pursuant to an order of the probate court of that county, at which a 210-acre farm near Winona, Missouri, was sold to plaintiffs for $23,225. The kernel of Count I of plaintiffs' petition was a charge of puffing or by-bidding by defendant which allegedly ran up plaintiffs' original bid of $15,000 to their final bid of $23,225 for which they bought the farm. Plaintiffs' brief characterizes Count I as one "to recover damages for fraud." More prosaically, defendants' brief describes this count as one praying reimbursement in the sum of $8,225 or, in the alternative, that the sale to plaintiffs be set aside and thereafter another sale of the farm be ordered. Count II sought reformation of the incorrect legal description of the 210-acre farm in the administratrix' deed by which that real estate was conveyed to plaintiffs after the aforesaid public sale.

On December 14, 1970, the cause was pending on plaintiffs' petition, the separate amended answers of defendant individually and as administratrix, and a single undetermined motion to dismiss both counts of plaintiffs' petition filed by defendant, individually and as administratrix. Following a recital that "[t]he trial began" on that date, the transcript records this statement by the court: "You may let the record show as to Count I of plaintiffs' petition, the court, at this time, sustains the motion to dismiss. As to Count No. 2, the court overrules the motion to dismiss. If you may not agree on what should be done in Count No. 2, you may offer evidence at this time." After indicating, in response to a request by plaintiffs' counsel, why Count I was being dismissed, the court inquired, "how do you want to handle Count II of your petition?" Whereupon, one of plaintiffs' attorneys responded: "It is stipulated and agreed that the correct description of the real estate in question . . . is as follows: [Description here omitted]," and defendant's counsel agreed, "[t]hat is correct." Observing "that takes care of Count II of plaintiffs' petition as far as I am concerned," the court's closing declaration was, "[l]et the record show the costs are taxed one-half against the plaintiffs and one-half against the defendants."

Immediately following the foregoing, we find the following entries: "December 14, 1970. Stipulation as to Count II dictated into the record. Judgment and decree reforming the deed in question in accordance with the stipulation. The court sustains the defendants' motion to dismiss Count I of plaintiffs' petition. Costs taxed one-half against defendants and one-half against the plaintiffs." It is from these entries that plaintiffs, after an unavailing motion for new trial, seek to appeal.

■ Upon this appeal, our initial duty is to ascertain ex mero motu whether we have appellate jurisdiction [State ex rel. Beeler v. City of Raytown, Mo., 439 S.W. 2d 481, 482(2); Hutchinson v. Wesley, Mo.App., 455 S.W.2d 21, 22–23], more particularly in this instance whether the above-quoted entries constitute an appealable judgment vel non. If they do not, we are required to dismiss the appeal sua sponte. Kansas City Power & Light Co. v. Kansas City, Mo., 426 S.W.2d 105, 107(1); Pizzo v. Pizzo, 365 Mo. (banc), 1224, 1227, 295 S.W.2d 377, 379(1).

■ The right of appeal is purely statutory and, when not granted by statute, no such right exists. V.A.M.R. 81.01 [formerly 82.01]; In re Adoption of LLV and SAV, Mo.App., 457 S.W.2d 2, 3(2); United Security Ins. Co. v. Volkswagen of America, Inc., Mo.App., 447 S.W.2d 585, 588(1). V.A.M.S. § 512.020 extends this right of appeal only to parties who may be aggrieved by "any final judgment in the case," a "judgment" being defined by rule and statute [V.A.M.R. 74.01; V.A.M.S. §

511.020] as "the final determination of the rights of the parties in the action." It has long been recognized and settled that a final judgment "must purport to be the actual and absolute sentence of the law, as distinguished from a mere finding that one of the parties is entitled to a judgment" [1 Black on Judgments (2nd Ed.) § 3, l.c. 8; State ex rel. St. Louis, K. & N. W. Ry. Co. v. Klein, 140 Mo. 502, 510, 41 S.W. 895, 897; Freeman v. McCrite, 165 Mo. App. 1, 4, 147 S.W. 1102, 1103(2); State v. French, 118 Mo.App. 15, 21, 93 S.W. 295, 297], and that " '[t]he mere ruling, decision or opinion of the court, no judgment or final order being entered in accordance therewith, does not have the effect of a judgment, and is not reviewable by appeal . . . .' " McCoy v. Simpson, 344 Mo. 215, 217, 125 S.W.2d 833, 834(1), and cases there collected. See City of St. Louis v. Pope, Mo. (banc), 68 S.W.2d 805; Koch v. Meacham, 233 Mo.App. 453, 458–459, 121 S.W.2d 279, 281(3).

In the instant case, the above-quoted entries obviously were nothing more than minute or docket entries, and they were not transmogrified into a final judgment by being cognominated collectively as a "judgment" in plaintiffs' notice of appeal and on the index page of the transcript. It is clear that such minute or docket entries do not constitute a final judgment from which an appeal may be taken. McCoy v. Simpson, supra, 344 Mo. at 217, 125 S.W.2d at 834(1); Herndon v. Ford, Mo.App., 470 S.W.2d 168.[1]

Plaintiffs' appeal is dismissed.

TITUS, C. J., and HOGAN, J., concur.

1. Accord: People ex rel. Pickerill v. New York Central R. Co., 391 Ill. 377, 63 N.E.2d 405, 407(8); State v. Griffin, 281 Ala. 227, 201 So.2d 100, 101; Ex parte Alphonse, 261 Ala. 177, 73 So. 2d 727, 728(2); Williams v. Land, Tex. Civ.App., 300 S.W. 990, 991(1), 992(5); Lotz v. United Food Markets, 225 Iowa 1397, 283 N.W. 99, 101(1, 2); Associates Finance Corp. v. Scott, 3 Ariz. App. 1, 411 P.2d 174, 176(2); Williams v. Tuckett, 98 Utah 398, 95 P.2d 982; Ex parte Niklaus, 144 Neb. 503, 13 N.W. 2d 655, 659(10); Costa v. Costa, 34 A.D.2d 646, 309 N.Y.S.2d 987, 988(2); In re Weber, 4 N.D. 119, 59 N.W. 523, 524(1, 2); Durant v. Comegys, 3 Idaho 67, 26 P. 755, 756(1, 2); annotation 73 A.L.R.2d 250, 296–300 [§ 18a], 302 [§ 20].