**Edgar CURTIS, Plaintiff-Appellant,**

**v.**

**Jane Maxine CURTIS, Defendant-Respondent.**

**Nos. 9205, 9269.**

Missouri Court of Appeals, Springfield District.

Jan. 30, 1973.

Harold Henry, West Plains, for plaintiff-appellant.

Esco V. Kell, Newton C. Brill, West Plains, for defendant-respondent.

BILLINGS, Judge.

Plaintiff-husband has appealed from the trial court's order granting defendant-wife a new trial following a decree of divorce to her, but without alimony or attorney fees, on her cross-bill. Plaintiff has lodged a second appeal from the lower court's allowance of temporary alimony pending the appeal and an allowance of attorney's fees

and suit money for the appeal. The appeals have been consolidated.

The parties were married in 1938 and separated in 1966. On October 6, 1969, the husband filed his petition for divorce. Three days later the wife filed her answer and on November 5 filed her motion for suit money, attorney fees and alimony pendente lite. On November 21 she was awarded $125.00 weekly for temporary alimony and $250.00 for her attorney fees "on account".

The suit remained dormant until September 25, 1971, at which time the wife filed an amended answer and a cross-bill. The cross-bill was in three counts with the first seeking a divorce, alimony and attorney fees. The remaining counts were for an accounting and partition, respectively. Husband's reply on October 2, 1971, joined the issues raised in the cross-bill. On October 6, 1971, the parties and their attorneys appeared for trial. Plaintiff dismissed his petition and the wife proceeded on her count for divorce with the remaining counts being continued to November 19, 1971. During the presentment of her evidence for a divorce the wife testified she was not asking for alimony; that all she was asking for was a divorce; that she understood she was to pay her own attorney fees, and by not getting any alimony in the proceeding she could never get any alimony. Cross-examination of the wife was limited to having her acknowledge payment in full of temporary alimony. The trial court awarded the wife a divorce and set Counts II and III for trial November 19.

Fourteen days later, on October 20th, the wife, (with new counsel), filed her motion for new trial seeking ". . . (A) rehearing and a new trial on the issue of the allowance of alimony and attorney fees requested in Count I of defendant's Cross-Bill, or in the alternative, defendant requests a new trial on all issues submitted in her Cross-Bill . . . ". As grounds for her request she alleged the following: "1. The trial court erred in failing to enter an order awarding defendant alimony after finding that she was the innocent and injured party. 2. That in failing to enter an order awarding her alimony, the Court failed to take into account and apply the provisions of 452.070 RSMo [V.A.M.S.] 3. That the court erred in failing to award alimony in that such failure was against the law and the evidence before the court. 4. The Court erred in failing to enter a final order with regard to all issues raised by the pleadings and more particularly failed to make any findings consistent with failure to award alimony as prayed for in Count I of defendant's Cross-Bill. 5. The court erred in failing to make a final appealable judgment under the pleadings. 6. Defendant prayed for alimony in gross in Count I of her Cross-Bill and defendant did not waive her right to the alimony requested, or in the alternative defendant was coerced by plaintiff and by her own attorney to proceed with the hearing on Count I of her Cross-Bill without mentioning her demand for alimony and such coercion amounted to fraud both upon defendant and this court."

At the hearing on the motion for new trial the husband assumed the laboring oar and offered the testimony of the wife's original attorney and the transcript of the testimony of the October 6 proceeding. In summary, the attorney testified that as a result of several conferences with the husband's attorney and his former client (the wife) on the morning of the trial, aimed at settling some of the issues, it was agreed the husband would dismiss his petition, the wife would abandon any claim for alimony and further attorney fees and proceed on her cross-bill for a divorce; that the remaining counts would be disposed of on November 19. He denied coercing his client and said that on October 6 his client was not any more distraught and upset than she usually had been in conferences with him about the matter in the preceding two years. The husband's attorney made a statement into the record that it was pursuant to an agreement reached as a result of negotiations that he dismissed his client's petition on October 6.

In support of her motion the wife testified that prior to the time her cross-bill for divorce was presented her attorney said "now we can't get any alimony today" or "can't get any alimony" and she was surprised but then he said "well, we might be lucky to get five thousand dollars." Under cross-examination she acknowledged that on the day of the trial she was aware there were negotiations between her attorney and plaintiff's attorney concerning the alimony. However, she denied her attorney discussed with her the various propositions concerning a settlement then testified her attorney told her "we couldn't get any alimony." She said she had asked for alimony and had expected alimony but did not deny that at the trial she was asked about alimony by her attorney. She was aware her husband had dismissed his petition and that she was permitted to proceed on her cross-bill for divorce and " . . . (I) was under the impression that if I didn't take any action whatsoever that it would seem as if I was the guilty party. So therefore I took this action which I did."

The court thereupon entered its order sustaining the wife's motion for a new trial but without specifying the ground or grounds for such action, and the first appeal followed. Thereafter the wife filed her motion for "attorneys fees pending appeal". The prayer of this motion also requested alimony pending the appeal and following a lengthy hearing on January 18, 1972, the court entered judgment in favor of the wife for $65.00 a week for temporary alimony, attorney fees in the sum of $500.00 and $50.00 for suit money. The husband's motion for new trial was overruled and he filed his second appeal to this court.

In these consolidated appeals our initial duty is to ascertain whether we have appellate jurisdiction. State ex rel. Beeler v. City of Raytown, Mo., 439 S.W.2d 481; Williams v. Williams, Mo.App., 480 S.W.2d 525; Herndon v. Ford, Mo.App., 470 S.W.2d 168. Defendant has suggested the judgment is not final, and inferentially at least, the appeal on Count I is premature.

■ The right of appeal is purely statutory and, when not granted by statute, no such right exists. Rule 81.01, V.A.M.R. [formerly 82.01]; Williams v. Williams, supra, 480 S.W.2d at 526. And if we were limited to that portion of § 512.020, RSMo 1969, V.A.M.S., which extends the right of appeal only to parties who may be aggrieved by any final judgment in the case, a judgment being defined as "the final determination of the right of the parties in the action" [Rule 74.01, V.A.M.R. § 511.-020, RSMo 1969, V.A.M.S.] we would have to dismiss the appeal of our own motion. Kansas City Power and Light Company v. Kansas City, Mo., 426 S.W.2d 105; Williams v. Williams, supra; Herndon v. Ford, supra. This for the reason that defendant's remaining counts for an accounting and partition have not been determined.

■ However § 512.020 is not so limited, as was ruled in Travagliante v. J. W. Wood Realty Company, Mo., 425 S.W.2d 208. The statute also permits an appeal from *any order granting a new trial*. In Travagliante the court held the right to appeal an order granting a new trial existed notwithstanding there were other counts remaining undisposed of after its entry.

Having concluded we have jurisdiction we turn first to the action of the trial court in granting defendant a new trial on her count for divorce. The record entry is as follows: "Thereafter, on November 19, 1971, Motion for New Trial was argued and sustained by order of the Court."

■ Since the lower court did not comply with Rule 78.01, V.A.M.R., which requires specification of the ground or grounds for granting a new trial to defendant, the scope of our review is narrow. In the absence of such grounds, a different set of principles governs our review. As stated in Northeast Missouri Power Coop. v. Todd, Mo.App., 401 S.W.2d 161, at 162, these are: "First, we may not indulge in any presumption that the new trial was granted on discretionary grounds. Second, we presume that the new trial was granted

erroneously. Third, the burden is on the plaintiff-respondent to demonstrate on the record that there was reversible error. Fourth, in meeting that burden the plaintiff-respondent is confined to the errors specified in both its motion for a new trial and its brief. Civil Rules 83.06(b) and (c) [now Rule 84.05(b) and (c), V.A.M.R.]; McCormack v. St. Louis Public Service Co., Mo., 337 S.W.2d 918 [2]; Myers v. Moffett, Mo., 312 S.W.2d 59 [3]; Drake v. Hicks, Mo., 261 S.W.2d 45 [1–3]; Gayer v. J. C. Penney Co., Mo.App., 326 S.W.2d 413 [1]."

◼ Defendant seeks to escape the impact of these principles by referring to statements and comments of the trial judge at the time her motion for new trial was sustained. She says in her brief: "Appellant's contention that the Court failed to state its reasons is utterly without support on the record. The court . . . set its previous order aside stating: '. . . I want the record to show that the Motion for New Trial is being sustained more out of practice of the court than the evidence here . . . I think that these parties were somewhat confused, perhaps particularly Mrs. Curtis. I recall her testifying; she was distraught . . . [T]he Court intends to announce from the bench that it is going to have a very liberal policy in granting a new trial where there is a default divorce involved . . .'." [Since both parties had appeared, filed pleadings and were present at the trial the decree of October 6 was actually not a "default". Rule 74.045, V.A.M.R.; Hamm v. Hamm, Mo.App., 437 S.W.2d 449]

◼ Defendant's reliance upon these statements as being in compliance with Rule 78.01, V.A.M.R., is misplaced. The provisions of this rule requires the ground or grounds to be in the trial court's *order*. This was clearly stated by this court in Land Clear. For Redev. Auth. v. Joplin Union Depot Co., Mo.App., 429 S.W.2d 806, l. c. 808: ". . . [A]nd the reported decisions leave no room for doubt but that

the trial court's order is the sole official repository for the court's grounds, thoughts or reasons for sustention of the motion for new trial [citing cases]." We therefore hold that the statements of the trial judge ore tenus are not a part of his order granting defendant a new trial. Green v. First Nat. Bank of Kansas City, 236 Mo.App. 1257, 163 S.W.2d 788.

◼ In the defendant-respondent's motion for a new trial she asserted six grounds and has not briefed any of them here. Her only point contends the trial court was exercising its discretion in granting the new trial. Because of the restricted scope of our review we cannot presume the trial court's order was based on the discretionary grounds suggested by defendant. The trial court's power to grant a new trial is discretionary only as to questions of fact and matters affecting the determination of the issues of fact. There is no discretion in the law of a case. And while an appellate court may be more liberal in upholding the court's action than it would in reversing a judgment on the same ground it does not follow that the granting of a new trial is always the exercise of a judicial discretion which will be upheld unless abused. McCormack v. St. Louis Public Service Company, supra; Cooper v. 804 Grand Bldg. Corp., Mo., 257 S.W.2d 649; Warren v. Kansas City, Mo., 258 S.W.2d 681. In view of Rule 84.05(c) we decline to consider discretionary grounds as a basis for the grant of a new trial to plaintiff.

◼ Defendant further suggests the trial court's authority to re-open the case under Rule 78.01 and its thirty-day control of the judgment pursuant to Rule 75.01 are justification for the new trial grant. In so doing she relies upon the "broad discretion" of the lower court. What we have said concerning discretionary grounds above applies equally as well to this suggestion. Also, such a proposition ignores (a) the fact that the order specifically was a grant of a new trial, and, (b) that a court invoking Rule 75.01 is limited to "good

cause" in its action [Vaughn v. Ripley, Mo. App., 446 S.W.2d 475] and the grant of a new trial under this Rule likewise calls for specification of the grounds therefor.

In this appeal defendant does not undertake her burden to demonstrate reversible error in the court granting her a divorce without an award of alimony and for her attorney fees. This is undoubtedly due to her unequivocal testimony at the trial as follows:

"Q. Now you are not asking for alimony in this case, are you?

A. No, sir.

. . . . . .

Q. All you're asking for on count one is a divorce, isn't it? Is that right?

A. Yes, sir.

Q. You understand that you are to pay your own attorney fees and divide the costs?

A. Yes, sir.

. . . . . .

Q. Mrs. Curtis, you understand by not getting any alimony today, you can never get alimony?

A. Yes."

■ Since defendant has not briefed the various grounds set forth in her motion for new trial they are not properly before us in this review. Our independent review of the evidence presented at the hearing on the motion for new trial leads to the conclusion that, as indicated by the comment of the trial judge, they were without merit and unsupported by the evidence. As was declared in Hamm v. Hamm, Mo.App., 437 S.W.2d 449, 1. c. 454, [quoting from Parker v. Britton, 133 Mo.App. 270, 278, 113 S.W. 259, 261] "[A] party is bound and presumed to know the general leading points which will be litigated in his case [and] if he omits to procure evidence, which with ordinary diligence he might have procured, in relation to those points, upon the first trial, his motion for a new trial for the purpose of introducing such testimony shall be denied."

■ The trial court did not commit error in failing to award defendant alimony and further attorney fees. In granting defendant a divorce without these awards the trial court gave defendant all the relief she requested. There was no evidence to support such allowances, and, to the contrary, defendant's own testimony negated and disclaimed alimony and attorney fees. Alimony is not mandatory and if allowed, upon the facts of the case, it must be fixed at the time the divorce is granted. Smith v. Smith, 350 Mo. 104, 164 S.W.2d 921; Ruckman v. Ruckman, Mo.App., 337 S.W.2d 100. The chancellor, in limiting the decree to a divorce had no alternative and did not err in omitting the now-claimed allowances. However charitable the motive of the chancellor in granting defendant a new trial the Rules, decisions and principles set forth herein compel us to reverse the order granting defendant a new trial.

■ This leaves the question in the second appeal, namely, the award of the lower court to defendant of temporary alimony, attorney fees and suit money, pending the appeal on Count I.

Plaintiff first contends the lower court had no jurisdiction to make these allowances since (1) defendant had obtained a divorce without alimony, (2) the divorce was final, and, (3) § 452.070, 1969 RSMo, V.A.M.S., limits alimony to "pending the suit for divorce". Such a strict construction of this statute is not warranted by the many decisions construing it and Ruckman v. Ruckman, Mo.App., 337 S.W.2d 100, cited by plaintiff in support of his contention, does not aid him.

In Ruckman the wife sought a divorce, alimony and attorney fees. The decree was granted with an allowance for her attorney fees. She filed a motion for new trial on the issues of alimony and inadequate attorney fees and following submission of the motion, the court set aside the original decree and entered a new judgment granting plaintiff a divorce, alimony in gross, and the same allowance for her attorney fees. On appeal, inter alia, the court held there

was no showing that the trial court did not have sufficient evidence on which to base an allowance of alimony and there was no need for a new trial when the court has the entire case in its breast and upon discovering its error of law, only sought to give a new judgment and to correct its erroneous judgment previously entered. The court further held that the trial court's action was taken within the authority granted it under § 510.330, 1969 RSMo, V.A.M.S., [Rule 78.01, V.A.M.R.] and if the trial court felt that it should have fixed alimony at the time the divorce was granted and failed to do so, it had a sufficient "legal ground" to reconsider its prior judgment when this failure to allow alimony was brought to its attention through plaintiff's motion for a new trial. The court also noted that the trial court did not order a new trial but entered a new judgment responsive to the relief sought by plaintiff.

If the divorce decree in the instant case was "final" there would be merit in plaintiff's position. Smith v. Smith, supra; Baker v. Baker, Mo.App., 274 S.W.2d 322; Stokes v. Stokes, Mo.App., 222 S.W.2d 108. Plaintiff's argument overlooks the fact that the decree of October 6, 1971, is not yet final since the trial court granted defendant a new trial and this action of the lower court is the subject of this appeal.

Section 452.070, RSMo 1969, V.A.M.S., vests the trial court with requisite authority to make such allowances to a wife, pending appeal, since the divorce action is still pending until the appeal is disposed of. Nolker v. Nolker, Mo., 257 S.W. 798. And this is true whether the judgment be for or against her. Williamson v. Williamson, Mo.App., 167 S.W.2d 94. The authorities cited by plaintiff are not applicable and in the argument portion of his brief concedes the foregoing to be the law of this state by stating: "That a trial court may award a wife an allowance for temporary alimony and suit money pending an appeal is not questioned.".

Plaintiff further urges that the trial judge abused his discretion in making the allowances pending the appeal since defendant had some separate income of her own, and, jointly owned property with plaintiff.

It would serve no useful purpose here to reiterate the principles to be followed by trial courts in exercising their discretion in making such allowances [Biggs v. Biggs, Mo.App., 397 S.W.2d 337(6)]. Nor would a detailed statement of the evidence of the parties, consisting of 50 transcript pages, at the hearing for the allowances shed any material light on the issues. Much of the evidence as to the income, assets, expenditures, and needs of the parties was in conflict and the trial court was in a superior position to resolve the same. Berbiglia v. Berbiglia, Mo.App., 442 S.W.2d 949. Our examination of the transcript and authorities cited in the briefs reveals that the allowances pending the appeal are based upon substantial evidence and are therefore not clearly erroneous; further, that no error of law appears. No manifest abuse of discretion appearing, we defer to the judgment of the trial judge. Gross v. Gross, Mo.App., 319 S.W.2d 880. See Rule 84.16, V.A.M.R.

We therefore hold that in granting the divorce without an allowance of alimony or additional attorney fees, there was no trial error to correct and the grant of a new trial was erroneous. The trial court's order granting a new trial is reversed and the decree of divorce is ordered reinstated. The judgment of the trial court as to the allowances pending appeal is affirmed. The costs in case no. 9205 are taxed in favor of the plaintiff and against the defendant. The costs in case no. 9269 are taxed in favor of the defendant and against the plaintiff.

TITUS, C. J., STONE, J., and GREENE, Special Judge, concur.

HOGAN, J., took no part in the consideration or decision of this case.