STATE of Missouri, Plaintiff-Respondent,

v.

Vernon HENDERSON, Midland Insurance Company—Surety, Defendants-Appellants.

No. 9304.

Missouri Court of Appeals, Springfield District.

March 20, 1973.

**32**

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for plaintiff-respondent.

Jay White, Rolla, for defendants-appellants.

PER CURIAM.

Appellant Midland Insurance Company, as surety for Vernon Henderson, principal [defendant in a pending criminal case], entered into a bond to the State of Missouri in the amount of $25,000.00 conditioned on the appearance of Henderson in the Circuit Court of Phelps County, Missouri. When Henderson failed to appear for his trial the court ordered the bond forfeited. Pursuant to Rule 32.12, V.A.M.R., the State filed its motion for judgment.

Thereafter, following notice, a hearing on the State's motion was conducted and the following entry made: "Surety on forfeited bond of defendant files answer to Motion for Judgment and ask (sic) for continuance of said Motion for Judgment. Motion for Judgment on forfeiture of defendant's appearance in Penal sum of $25,-000.00 sustained and Judgment accordingly." Appellant-surety's motion for new trial was overruled and this appeal followed.

Although neither of the parties have raised the question, we are instantly confronted with the issue of whether we have appellate jurisdiction. Unless the quoted entry constitutes an appealable judgment we do not have jurisdiction and must dismiss the appeal.

In two recent decisions of this court [Williams v. Williams, 480 S.W.2d 525 (Mo.App.1972), and Herndon v. Ford, 470 S.W.2d 168 (Mo.App.1971)] we were faced with similiar entries and after reviewing the applicable statutes, rules and authorities, concluded they did not rise to the stature of *final judgments* and consequently we were without jurisdiction to entertain the appeals.

It would serve no useful purpose to reiterate the principles enunciated in *Williams* and *Herndon* but suggest that time, effort and money could be devoted to more useful pursuits by a review of these cases. And, ". . . [W]hile the clerk may properly receive assistance from counsel, if needed, and *while counsel might be well advised to check the record, the primary responsibility for the entry of a judgment is upon the clerk."* Byrd v. McGinnis, 299 S.W.2d 455, 460 (Mo.1957). (Our emphasis)

We again rule that such a minute or docket entry does not constitute a final judgment from which an appeal may be taken and for lack of a proper judgment the appeal is dismissed.

All concur.