CITY OF SIKESTON, Missouri, a
Municipal Corporation, Appellant,

v.

MISSOURI UTILITIES COMPANY, a
corporation, Respondent.

No. 9543.

Missouri Court of Appeals,
Springfield District.

Aug. 4, 1975.

Manuel Drumm, Drumm & Masterson,
Sikeston, for appellant.

W. Robert Cope, Jack L. Oliver, Oliver,
Oliver & Jones, Cape Girardeau, for respondent.

PER CURIAM.

Appellant, City of Sikeston, brought suit against the respondent, Missouri Utilities Company, seeking to enjoin the respondent from extending its electric service into a new addition to the City of Sikeston. The respondent filed a motion to dismiss plaintiff's petition. After a hearing on the Motion to Dismiss, the following docket entry was made by the trial judge: "Deft's Motion to Dismiss taken up, considered, & sustained." A reproduced copy of the docket sheet is attached to the transcript. The last line in the transcript states: "Defendant's Motion to Dismiss is sustained." This would appear to be a paraphrase by the reporter of the docket entry. Whether it is a separate entry or a paraphrase of a docket entry is of no significance.

The right of appeal is statutory, and the relevant portion of Section 512.020, RSMo 1969, V.A.M.S., provides that appeal may be taken only by a party aggrieved by "any final judgment in the case." This court has no jurisdiction unless the above quoted entries constitute an appealable judgment. If not, this court is required to dismiss the appeal even though the issue has not been raised by the parties.

This court has been faced with similar entries in three recent decisions. After carefully reviewing the applicable statutes, rules and authorities, we found the entries not to be final judgments and, therefore, not appealable. *State v. Henderson*, 493 S.W.2d 31 (Mo.App.1973); *Williams v. Williams*, 480 S.W.2d 525 (Mo.App.1972), and *Herndon v. Ford*, 470 S.W.2d 168 (Mo.App. 1971). What was said in the above three cases is equally applicable here, and it would serve no useful purpose to reiterate.

We hold that neither of the entries, whether in the nature of a docket entry or

a separate entry, constitutes a final judgment from which an appeal may be taken. We have no alternative but to dismiss the appeal. Until a proper judgment has been entered, there is nothing from which an appeal may be taken.

Accordingly, the appeal is dismissed.

All concur.

HOGAN, J., not sitting.

FLANIGAN, J., not participating because not a member of this Court at the time the cause was submitted.